NEWTON W. KEET *vs.* ABBOT M. MASON.

Franklin.    September 15, 1896. — November 23, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*New Trial — Discretion of Court — Cumulative Evidence.*

It is within the power of a justice of the Superior Court, who has tried an action
without a jury and made a finding therein, to set aside the finding and order a
new trial, in the exercise of his discretion, upon motion and affidavits in support
thereof, if satisfied that the evidence stated in the affidavits would have mate-
rially changed the finding, although such evidence is cumulative, and might
have been discovered by due diligence before or during the trial.

TORT, for seducing the plaintiff's wife and alienating her
affections. The answer contained a general denial, and alleged,
among other things, that the plaintiff connived at the relations
between his wife and the defendant.    Writ dated June 26,
1894.

At the trial in the Superior Court, before *Maynard*, J., with-
out a jury, it appeared that the plaintiff and his wife resided in
Orange, and the defendant, who was a physician, resided in
Northampton; that the plaintiff and his wife were under the
defendant's treatment, and the latter made frequent visits to
Orange in the practice of his profession; that in September or
October, 1893, the plaintiff began to suspect that the relations
between his wife and the defendant were dishonorable, and
that the plaintiff took no action to prevent the continuance of
such relations. The plaintiff testified that on May 11, 1894,
and again on June 26, 1894, he saw from an adjoining room his
wife and the defendant in the act of sexual intercourse. There
was evidence tending to show that after June 26, 1894, the
plaintiff and his wife lived apart, but that during the months
of July, August, and September, 1894, they had frequent meet-
ings and interviews at the plaintiff's house, and at the house of
his wife's brother and elsewhere in Orange, at some of which
they were alone.

Albert E. Robbins, the brother of the plaintiff's wife, testified
that the plaintiff and his wife passed the night of August 13,

1894, at the house of the witness; and that they occupied the same room. This was denied by the plaintiff, who testified that he stayed at home that night; and that he did not cohabit with his wife on any occasion after June 26, 1894.

The judge found that the plaintiff did not connive at his wife's acts of adultery with the defendant; that the plaintiff and his wife cohabited together in August, 1894; and found generally for the plaintiff, and assessed damages in the sum of $1,000.

The plaintiff moved that the finding be set aside, and a new trial granted, on the ground of newly discovered evidence, and in support of the motion filed the affidavits of three witnesses, for the purpose of showing that the plaintiff on the evening of August 13, 1894, between the hours of half past seven and half past ten o'clock, was not at the house of his wife's brother in Orange, but was at his own house in Orange.

At the hearing on the motion, the affidavits introduced by the plaintiff were the only evidence offered.

The defendant contended that the evidence set forth in the affidavits was cumulative in its nature, and asked the judge to rule " that the motion and affidavits do not make a case in law for a new trial."

The judge refused so to rule ; but having been influenced in his finding by the testimony of Robbins in reference to the alleged cohabitation of August 13, 1894, and being of opinion that the evidence, as outlined by the affidavits, if given and believed, would materially change the finding, set the finding aside, and ordered a new trial.

The defendant alleged exceptions.

The case was argued at the bar in September, 1896, and afterwards was submitted on briefs to all the judges.

*W. G. Bassett,* (*T. G. Spaulding* with him,) for the defendant.

*S. D. Conant,* for the plaintiff.

MORTON, J. The defendant asked a ruling "that the motion and affidavits do not make a case in law for a new trial." The court did not rule as thus requested, but having been influenced in its finding by the testimony of one Robbins in reference to an alleged cohabitation by the plaintiff with his wife after her seduction by the defendant, and " being of opinion that the evidence,

as outlined by the affidavits, if given and believed, would materially change the finding, set the finding aside and ordered a new trial." The defendant contends that the evidence disclosed by the affidavits was cumulative, and might have been discovered by due diligence before or during the trial. But assuming that to be so, it would not follow, as matter of law, that the court had not the power to set aside the finding and grant a new trial, if satisfied that justice required it to be done. The court did not rule that newly discovered evidence, which was cumulative and which might have been discovered by due diligence, would justify setting aside the verdict as matter of law, and was not asked in terms so to rule. What it did was to decline to rule that, as matter of law, the motion and affidavits did not make out a case for a new trial, and then to set aside the verdict because, having tried the case itself, it was convinced that the evidence, if believed, would have materially changed the result. This it had the right to do in the exercise of a sound discretion, even though the evidence was cumulative and might have been discovered by due diligence; *Ellis* v. *Ginsburg*, 163 Mass. 143; and as we interpret the bill of exceptions, this is what it did, and we cannot say that there was an abuse of its discretion. Whether in all cases where a new trial is sought for newly discovered evidence, which is merely cumulative and might have been discovered by due diligence, and there is no exercise of the discretionary power, it should be refused, no matter how convincing such evidence may be, is a matter which we do not find it necessary to consider in this case, and on which we express no opinion.

*Exceptions overruled.*