SARAH SHERMAN *vs.* JOSEPH T. COLLINGWOOD.

Plymouth.   January 11, 1915. — April 3, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* New trial, Exceptions, Appeal.   *Rules of Court.*

In an action by a married woman, an exception by the plaintiff to a refusal by the trial judge, at the hearing of a motion by the defendant for a new trial based on newly discovered evidence, of a request not to consider a certain affidavit supporting the motion because the affidavit was based in part on the fact that a certain name was the plaintiff's maiden name and it did not appear that such was her maiden name and because the plaintiff had filed an affidavit stating that such was not her maiden name, cannot be sustained where it does not appear that there was no testimony at the trial of the case supporting the defendant's statement as to what the plaintiff's maiden name was; because the judge had all the testimony at the trial before him and it cannot be assumed in favor of the plaintiff, who in this court must sustain the burden of showing that she was harmed by the refusal of her request, that there was at the trial no testimony that her maiden name was as the defendant stated it to be.

Where, at the trial of an action by a married woman for the conversion of certain junk, the plaintiff, to prove that the junk was her property and not the property of a partnership of which her husband was one partner, testified that to get the money to start herself in the junk business she had taken money from a certain savings bank, and where, after a verdict for the plaintiff, the defendant

files a motion for a new trial based on an affidavit of newly discovered evidence that the plaintiff for fifty years had not had a deposit in the bank in question either in her married or her maiden name, the judge at a hearing on the motion is warranted in refusing to rule that such newly discovered evidence tends only to discredit the plaintiff's testimony, because it tends to discredit and disprove her entire circumstantial story of the formation of her business and her ownership of the junk.

Where, in support of a motion for a new trial, the defendant relies upon an affidavit of newly discovered evidence that the plaintiff had no bank account in a savings bank in Boston either in her married or her maiden name during a period of fifty years, and it appears that the trial was in Plymouth, that the plaintiff on a Friday had testified that she had had such a bank account, and that the court thereafter had adjourned until Monday, a finding of the judge that the defendant might have exercised due diligence and yet not have discovered the facts alleged in his affidavit during the intermission in the trial is warranted.

Where, at the trial of an action for the conversion of a pile of junk, the plaintiff testifies as to the presence of fifteen tons of copper, lead and brass in the pile, as to the value of certain iron, and as to the absence of certain old newspapers, and recovers a verdict, and, in affidavits filed by the defendant in support of a motion for a new trial on the ground of newly discovered evidence, it is alleged that upon a careful examination of the pile made after the trial there was found to be no such copper, lead or brass, that the iron was much less in value, and that the newspapers whose presence the plaintiff had denied were present, it cannot be said that the defendant was bound to anticipate the evidence which the plaintiff gave, and a finding by the judge that the defendant had not been guilty of negligence in not ascertaining before the trial the facts set out in the affidavit is warranted.

In such a case evidence of the falsity of the testimony of the plaintiff as to the presence of copper, lead and brass does not tend merely to show that the verdict was excessive, in which case by R. L. c. 173, § 112, it should not be set aside until the plaintiff had been given an opportunity to remit what was adjudged excessive, but tends to prove the falsity of the plaintiff's entire case.

The filing, in support of a motion for a new trial on the ground of newly discovered evidence, of affidavits stating under oath merely the facts which will be shown by the newly discovered evidence satisfies the requirements of Rule 29 of the Superior Court.

It is not necessary for a judge in granting a motion for a new trial on the ground of newly discovered evidence to file a memorandum stating the facts upon which he bases his action. The granting of the motion is in itself a finding of the facts upon which it is based.

There can be no appeal to this court before a final judgment from an order of a judge granting a motion for a new trial.

LORING, J. This case is before us on exceptions taken on a motion for a new trial on the ground of newly discovered evidence.

On October 10, 1911, the defendant, a deputy sheriff, attached "certain junk" (which was at that time on the premises of the plaintiff in Plymouth) as the property of a firm consisting of her husband Abraham Sherman and one Shacat. Thereupon the

plaintiff sued the deputy sheriff for conversion of the junk (on the ground that it was her property) and on September 17, 1912, obtained a verdict for $1,500. A motion for a new trial, "assigning the ordinary reasons therefor," was made and waived in open court. On October 12, 1912, the defendant filed the motion for a new trial now in question, founded upon newly discovered evidence. This was accompanied by four affidavits. A fifth affidavit was filed by the plaintiff. It is stated in the bill of exceptions that the judge * "granted the motion for a new trial upon the affidavits presented and upon the memorandum, a copy of which is hereto annexed." The memorandum is in these words: "The motion for new trial on the ground of newly discovered evidence is granted on the ground that, in my judgment, justice cannot be done between the parties without hearing the evidence submitted in the affidavits and referred to in the motion before the case is finally determined."

The motion for a new trial was founded on three facts in substance as follows: [First:] At the trial the plaintiff introduced evidence that from a date not mentioned (but apparently about 1905 or 1906), she began the business of buying and selling junk and that she carried on that business continuously on the premises in question until after the attachment here complained of. She then testified that she obtained the capital for this business by withdrawing from the Boston Five Cents Savings Bank some $500 which she had saved from her earnings and which she had on deposit in that savings bank. As to this the defendant discovered after the trial that there had been no deposit in the Five Cents Savings Bank either in the name of Sarah Sherman or Sarah Toabe, her maiden name, for a period of fifty years before 1907. This appeared from an affidavit of one Milligan filed with the motion. [Secondly] The plaintiff put in evidence that at the time of the attachment there were in the pile of junk ten or fifteen tons of mixed junk consisting of copper, lead and brass worth $75 or $80 a ton; that said junk was "still there at the time of the trial;" also "that there was certain iron in said pile, both at the time of the alleged conversion and at the time of the trial, valued at $13.50 per ton." As to this the defendant discovered

---

* *Dubuque,* J., who made an order granting a new trial. The plaintiff alleged exceptions.

after the trial (by an examination of the pile made by one Chambers and one Burke) that there was not any copper, lead or brass in the pile at all, and that the iron was worth from $9 to $10 in place of $13.50 a ton. The affidavits of Chambers and Burke were filed with the motion. It also appeared from these affidavits that apart from the paper in it the pile was worth from $552 to $620. The third specification of newly discovered evidence was in connection with the testimony given at the trial by the plaintiff's husband that there was in the pile of junk about twelve tons of paper and that these papers were "in that pile at the time of the alleged conversion and were still there at the time of the trial," and that no papers were added to the pile in controversy during the time of the partnership between Sherman and Shacat, to wit from March, 1911, to October, 1911. As to this it appeared from an examination made since the trial by Burke and Smith that there were bundles of newspapers in the pile dated in April, May, June, July, August and September, 1911. Their affidavits were filed with the motion.

We take up the exceptions in the order in which they are stated in the record.

The first exception in the bill of exceptions is stated in these words: "The plaintiff claimed at the hearing of said motion for new trial that the affidavit of Thomas Milligan should not be considered, and that a new trial should not be granted on said evidence" because if the evidence in the affidavit were true "its sole tendency was to impeach the credit of a witness" and because the testimony sought to be impeached by Milligan's affidavit having been given on a Friday and the case adjourned until the following Monday, the defendant had full opportunity during the intermission to ascertain the facts as to the deposit of the plaintiff in the Boston Five Cents Savings Bank. Both of these requests were refused and an exception taken.

The plaintiff now seeks to support her request that the affidavit of Milligan should not be considered on two grounds: First, that it does not appear in the affidavit that Sarah Toabe was the maiden name of the plaintiff, and second, because the plaintiff introduced an affidavit from which it appeared that her maiden name was Sarah Toibb; that her father so spelled his name although her brother spells his name Toabe. It is true that there

is nothing in the record before us which shows that the maiden name of the plaintiff was Toabe. But the judge who heard the motion for a new trial had before him all the testimony which was given at the trial of the case, and we cannot assume that it was not testified to there that the plaintiff's maiden name was Sarah Toabe. There is no statement in this bill of exceptions that there was not evidence to that effect at the trial of the cause. The burden is on the excepting party to make out error and we cannot say that there was not evidence before the judge on this point.

The second ground put forward by the plaintiff for not acting upon the affidavit of Milligan is that the facts proved by him went only to impeach the credit of a witness. That is not so. In making out her case the plaintiff went into a circumstantial story as to how she got the money to carry on the junk business, in the course of which (according to her contention) she acquired the pile of junk here in question. As part of that story she testified that she got the capital for the business by drawing out $500 from the Boston Five Cents Savings Bank. The fact (if it was a fact) that she never had $500 in the Boston Five Cents Savings Bank went to disprove the whole story which she told as to her ownership of the pile of junk in question. In other words the evidence went to negative the substance of her testimony and not merely to impeach the credit of a witness.

The third ground on which the plaintiff contends that no action should be taken upon Milligan's affidavit is that inasmuch as the testimony as to withdrawing this deposit was given on a Friday and the court adjourned until the following Monday the judge, as matter of law, could not find as a fact that the defendant would not have ascertained the facts as to the deposit if he had used due diligence. To that contention we cannot assent. The trial was in Plymouth County. We think that the judge could find as a fact that the defendant might have exercised due diligence and yet not have discovered this fact during the intermission.

The last contention made by the plaintiff as to Milligan's affidavit is that it was fully met by the counter affidavit from which it appeared that the plaintiff's maiden name was Toibb, not Toabe. The short answer to this is that the judge was not bound

to believe it. *Lindenbaum* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 314. The counter affidavit would have been more persuasive if it had shown that although Sarah Toabe did not have a deposit in the savings bank in question Sarah Toibb did. There is no suggestion in the affidavit that such was the fact.

The plaintiff requested the court to rule that the other affidavits did not constitute ground for a new trial because as matter of law the facts covered by them would have been learned by the defendant if he had used due diligence. This was refused and an exception taken. This exception must be overruled. The defendant was not bound to anticipate that the plaintiff would undertake to recover $750 to $1,200 for ten or fifteen tons of junk consisting of copper, lead and brass in the pile worth $75 or $80 a ton, when in fact there was not a pound of such junk in the pile. Nor was he bound to anticipate that she would undertake to recover for paper in the pile all, of which she swore was hers, because none had been added to it since her husband went into the junk business with Shacat in March, 1911, when in fact there were newspapers in the pile bearing dates in every month between the date when the partnership was formed and that when the attachment was made. We are of opinion that the judge was warranted in finding that the defendant was not guilty of negligence in not ascertaining before the trial the facts set forth in their affidavits.

The last exception taken by the plaintiff is stated in these words: "The court granted the motion for new trial upon the affidavits presented and upon the memorandum, a copy of which is hereto annexed, and to such granting the plaintiff excepts."

The plaintiff's first contention in support of this exception is that all the facts relied on in the motion for a new trial here in question were not supported by affidavit within Rule 29 of the Superior Court, as to which see *Borley* v. *Allison,* 181 Mass. 246. All the facts which constituted newly discovered evidence were set forth in the affidavits which accompanied the motion. In our opinion that was a compliance with the rule. See *Soebel* v. *Boston Elevated Railway,* 197 Mass. 51.

The next contention of the plaintiff not already dealt with is that the memorandum of the judge did not contain a finding of

the facts which must be found by him to grant a new trial on the ground of newly discovered evidence. But that was not necessary. Granting the motion is in itself a finding by the judge of the facts set forth in the motion. Even if the judge finds that the evidence was material and the party asking for the new trial had not been negligent in not finding it before or during the trial, the judge is not bound to grant a new trial. A judge cannot grant a motion for a new trial on the ground of newly discovered evidence unless he finds these facts. But when he has found these facts he is not bound to grant the motion. In that event the granting of the motion is still a matter lying within his discretion. The statement of reasons made by the judge in his memorandum doubtless was intended to state why he exercised his discretion as he did and to comply with St. 1911, c. 501.

In addition the plaintiff contends (as we understand her) in support of this exception that the affidavits of Chambers and Burke go to the amount to be recovered only, and so the case is within R. L. c. 173, § 112. But that is not so. These as well as the other affidavits go to show that the plaintiff's story was a false one. If she did not have the $500 in the savings bank, she did not get the money necessary to set up a junk business in the way in which she said she got it. If nearly half of the junk (in value) which she claimed was in the pile was not there at all, that fact was strong evidence of the falsity of her story, and her story that the pile of junk existed as it did at the time of the trial before her husband's firm was created was shown to be false by the newspapers found in it.

The last contention is that there ought to have been evidence that the pile examined by the affiants was the pile attached by the defendant. In his affidavit Chambers says that the plaintiff was present when he made the examination and that he was informed that the property examined by him was the property attached by the defendant. Burke in his affidavit says that the plaintiff showed him the pile of junk "and said that that was the property attached by the deputy sheriff, Joseph T. Collingwood." Smith in his affidavit says that he examined the pile of newspapers "which was pointed out to us by Mrs. Sarah Sherman as the pile of newspapers which she claimed."

The plaintiff has filed an elaborate brief not addressed to the exceptions taken by her and founded for the most part on decisions

in other States. The law of this Commonwealth involved in the case is simple and well settled. It would serve no useful purpose to go into a discussion of the rule in other jurisdictions.

We have considered all the contentions put forward by the plaintiff as we understand them. But we have been embarrassed by the fact that her argument is not addressed to the exceptions which she took.

The plaintiff has undertaken to take an appeal from the order granting a new trial. The appeal must be dismissed. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31. *Farris* v. *St. Paul's Baptist Church,* 216 Mass. 570. *Zuccaro* v. *Nazzaro,* 216 Mass. 289.

*Exceptions overruled.*

*Appeal dismissed.*

*J. H. Blanchard,* (*H. C. Blanchard* with him,) for the plaintiff.
*M. Collingwood,* for the defendant.