OLAUS BERGGREN & another, administrators, *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

SAME *vs.* SAME.

SAME *vs.* TRAVELERS INSURANCE COMPANY.

Worcester.   September 30, 1918. — October 10, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* New trial.  *Witness,* Credibility.

At the trial of an action on a policy of life insurance the principal question before the jury was whether the insured, who died as the result of taking cyanide of potassium, came to his death by accident or by suicide. The jury found in answer to questions that the insured came to his death by accident, and a verdict was ordered for the plaintiff. The defendant moved for a new trial on the ground of newly discovered evidence. At the hearing of this motion it appeared that after the trial an agent of the defendant, who before the trial had spent about a month in trying to ascertain the facts, was

sent again to the neighborhood where the insured lived with instructions
to reinvestigate the case to see whether there might be any evidence previously
missed and whether persons talked more freely after the trial, that a man in this
neighborhood, who before the trial had stated that he knew nothing about the
case, made an affidavit tending to show an intimate acquaintance of the affiant
with the insured and giving in minute detail conversations with him a compara-
tively short time before his death, in which the insured expressed a purpose to
commit suicide and gave the reasons actuating him, one of them being busi-
ness adversity, and in which he talked also of taking poison. Counter affidavits
were filed tending to discredit some or all of the statements of this affiant. The
agent of the defendant who made the investigation testified orally at the hear-
ing of the motion for a new trial. The judge who had presided at the trial heard
the motion and made an order granting a new trial. In granting it he said,
"There was some question in my mind whether the verdict of the jury was fairly
warranted by the evidence. The inference of accident was a forced one, and,
without saying that it was not legally warranted, the question was at least so
close that slight evidence might well have changed the result. In the exercise
of what in my opinion is sound judicial discretion, in view of my knowledge of
the evidence at the trial, I must grant the motion." The judge reported his
order for a new trial for determination by this court. *Held,* that there had been
no abuse of discretion by the trial judge in granting the motion for a new trial
and that the case should stand for trial.

In the case above described it was *said* that, even if the newly discovered evi-
dence were cumulative, that alone would not be decisive against granting
the motion for a new trial.

In the same case it was *held* that, although it was shown that the affiant pre-
viously had made assertions inconsistent with some of those contained in his
affidavit, this was not conclusive against his credibility as a witness.

In the same case it appeared that one witness at least had been called at the
trial who knew or might have known that the facts disclosed in the affidavit
were within the knowledge of the affiant, and it was *held* that, although this
was a matter to be considered, it was not a controlling reason for denying
the motion for a new trial.

In the same case it was *held* that the circumstance, that the affiant and his
knowledge of material facts were discovered by an agent of the defendant
who had searched for evidence before the trial, although a matter to be
considered, was not conclusive against granting the motion for a new trial,
especially as this agent testified orally before the judge at the hearing of the
motion for a new trial and the judge thus was better able than any one else
to decide whether the agent was honest and trustworthy.

In the same case it was *held* that it was proper for the judge to take into ac-
count the strength or weakness of the plaintiff's case at the trial in passing
upon the defendant's motion for a new trial.

THREE ACTIONS OF CONTRACT by the administrators of the
estate of Karl W. Leaf, late of Quincy, each on a policy insuring
the life of the plaintiff's intestate. Writs dated April 30, 1917.

In the Superior Court the cases were tried together before
*Morton,* J. At the close of the evidence the judge submitted to

the jury in the two cases against the Mutual Life Insurance Company of New York the question, "Did the deceased, Karl Leaf, commit suicide?" The jury answered, "No." In the case against the Travelers Insurance Company the judge submitted to the jury the question, "Was the deceased Karl W. Leaf's death due to accident?" The jury answered, "Yes." Thereupon the judge ordered verdicts for the plaintiffs, in the first case in the sum of $3,358.56, in the second case in the sum of $2,238.16 and in the third case in the sum of $8,396.28. Thereafter each of the defendants filed a motion for a new trial on the ground of newly discovered evidence. The motions were heard by *Morton*, J. The evidence presented at the hearing is described in the opinion. At the close of the hearing the plaintiffs in each of the cases asked the judge to make the following rulings:

"1. Upon the motion in each case, the affidavits in support thereof, the counter-affidavits and the oral testimony received at the hearing, the motion as filed in each case should be denied.

"2. Upon the motion in each case, all the supporting affidavits, the counter-affidavits and the oral testimony received at the hearing, the motion in each case, upon the exercise of a sound judicial discretion of the court, should be denied."

The judge refused to make either of these rulings. He made an order in each case granting the motion for a new trial, and filed a statement of findings and rulings, containing those that are described in the opinion. The plaintiffs excepted to the judge's rulings and refusals to rule and to the orders granting a new trial and asked that the cases be reported to this court. The judge, being of opinion that his rulings and orders ought to be determined by this court before any further proceedings in the Superior Court, reported the cases for such determination.

*M. M. Taylor,* for the plaintiffs. Captain *M. C. Taylor,* who assisted in the preparation of the brief, was absent on military service in France.

*C. C. Milton,* for the defendant Travelers Insurance Company.

*R. Foster & G. Hoague,* for the defendant Mutual Life Insurance Company of New York, submitted a brief.

RUGG, C. J. This record relates to the granting of motions for a new trial on the ground of newly discovered evidence. The actions are to recover upon policies of insurance on the life of

Karl W. Leaf. He died as the result of taking cyanide of potassium, which was contained in the neck of a bottle of medicine imported from England and bought for him in some drug store. There was no claim or evidence that he had been murdered. The chief question at the trial before the jury was whether the insured came to his death by accident, as contended by the plaintiffs, or by suicide, as contended by the defendants. The trial lasted several days and many witnesses testified. The jury in answers to questions found in favor of the contentions of the plaintiffs and verdicts were ordered accordingly.

After the trial an agent of the defendants, who previously had spent about a month in trying to ascertain the facts, was sent again to the neighborhood where the insured lived with instructions to reinvestigate the cases to see if there might be any evidence previously missed and if people had talked more freely after the trial. The result was that one Olson, who before the trial had stated that he knew nothing about the case, made an affidavit tending to show an intimate acquaintance with the insured and in minute detail conversations with him within a comparatively short time before his death, wherein the insured expressed a purpose to commit suicide and the reasons actuating him, one being business adversity. There was talk also as to taking poison. Counter affidavits were filed tending to discredit some or all of the statements in the affidavit of Olson. This agent of the defendants testified orally in court on the motion for a new trial.

The principles governing the review by this court of the action of the trial judge in granting or denying a motion for a new trial, whether on the ground of newly discovered evidence or for other reasons, are well settled. Except where questions of law are raised for the first time on the motion for a new trial, *Loveland* v. *Rand,* 200 Mass. 142, *Boyd* v. *Boston Elevated Railway,* 224 Mass. 199, 202, *Ramsay* v. *LeBow,* 220 Mass. 227, 229, *Matter of Carver,* 224 Mass. 169, 171, the right of the judge to set aside a verdict on any ground recognized by law in the ordinary case is limited only by sound judicial discretion and is not subject to revision by this court. It is only in an extraordinary case revealing an abuse of judicial power, or an excess of jurisdiction or similar error, that the action of the trial court upon a motion for a new trial can be reversed. *Edwards* v. *Willey,* 218 Mass. 363, 365,

and cases there collected. *Centennial Electric Co.* v. *Morse,* 227 Mass. 486, 490. *Harrington* v. *Boston Elevated Railway,* 229 Mass. 421, 433. *Herrick* v. *Waitt,* 224 Mass. 415, 418. *Damm* v. *Boylston,* 218 Mass. 557. *People* v. *Shilitano,* 218 N. Y. 161, 180.

Doubtless new trials are not to be granted on the ground of newly discovered evidence except upon proof of important evidence of such a nature as to be likely to have a material effect upon the result, which could not reasonably have been discovered before the trial by the exercise of proper diligence and respecting the production of which on motion there has been an entire want of laches. A new trial ordinarily will not be granted upon the discovery of evidence which is cumulative and in most such cases will and ought to be denied. *Sawyer* v. *Merrill,* 10 Pick. 16, 18. *Gardner* v. *Mitchell,* 6 Pick. 114, 116. *People* v. *Superior Court of New York,* 10 Wend. 285. *Gardner* v. *Gardner,* 2 Gray, 434, 443. *Plymouth* v. *Russell Mills,* 7 Allen, 438, 443. *McLaughlin* v. *Doane,* 56 Maine, 289. See *Keet* v. *Mason,* 167 Mass. 154. The mischief naturally flowing from retrials based upon the discovery of alleged new evidence leads to the establishment of a somewhat stringent practice against granting such motions unless upon a survey of the whole case a miscarriage of justice is likely to result if a new trial is denied. This is the fundamental test, in aid of which most if not all the rules upon the matter from time to time alluded to have been formulated. Ease in obtaining new trials would offer temptations to the securing of fresh evidence to supply former deficiencies. But courts cannot close "their eyes to injustice on account of facility of abuse." Nevertheless, most critical scrutiny must be given to the kind of evidence offered in support of the motion, to the sources from which it comes, and the circumstances under which it is produced.

The findings of fact made on the motion for a new trial show that the judge had a full appreciation of these principles and of the gravity of setting aside a verdict after a full trial unless the interests of justice plainly demanded it. His statement, to the effect that he had examined carefully the affidavits as well as the oral testimony and had gone at length into the merits of the motion because, to use his words, "I realized the danger of encouraging litigation by reopening cases, so thoroughly prepared and

tried as this case was, upon the testimony of one witness who has contradicted himself," is supported amply by the record.

At the trial, out of the forty witnesses called, "only one — possibly two — testified to statements by Leaf of intention to take poison or commit suicide." It is manifest from the affidavit that the testimony of Olson would not have regard to the same statements by the deceased as to which testimony was offered at the trial. It is plain that the probative value of the evidence set forth in the affidavit of Olson, if presented at a trial and believed, is great. The conditions under which the statements by the insured are said to have been made, together with the accompanying reasons and particularity of circumstances, have a tendency to show that testimony of Olson, although directed to the proof of the same ultimate conclusion, would relate to new and distinct facts different from those shown at the trial. *Parker* v. *Hardy*, 24 Pick. 246, 248. Even if the evidence were cumulative, that alone would not be decisive against it as ground for granting a new trial in the exercise of sound judicial discretion provided other necessary elements were present. *Keet* v. *Mason*, 167 Mass. 154.

Although Olson previously had made assertions inconsistent with some of those contained in his affidavit, that is not conclusive against his credibility as a witness. It would be for the jury to say what weight should be given to his testimony. It cannot be said that the conclusion of the judge, to the effect, after hearing the oral testimony of those who had seen the affiant, that he was not so unworthy of belief as to require the denial of the motion, was wrong. Moreover, the judge had seen the witnesses, whose testimony was in conflict with the statement of the affiant, and thus had some basis for determining what its weight might be in the face of contrary testimony. There are not such inherent inconsistencies, improbabilities and contradictions in the affidavit as to discredit it.

The judge analyzed carefully the facts touching the efforts made by the defendants to obtain this evidence before the trial. His conclusion, in substance that they were guilty of no neglect but on the contrary were diligent and used reasonable sagacity, is supported by direct testimony and the rational inferences to be drawn therefrom.

Although one witness at least was called who knew or may have

known that the facts now disclosed were within the knowledge of Olson, that factor although of some significance is not controlling against granting the motions.

The circumstance, that the affiant and his knowledge of material evidence were discovered by the agent of the defendant who had searched for evidence before the trial, although calling for close examination is not fatal to the motions. This witness testified before the judge, who was better able than any one else to decide whether he was honest and reliable.

The judge presided at the trial, saw all the witnesses, observed their manner of testifying, and was in a position superior to that of any one else to determine with accuracy the strength of the plaintiffs' case. Upon this point he said: "There was some question in my mind whether the verdict of the jury was fairly warranted by the evidence. The inference of accident was a forced one, and without saying that it was not legally warranted, the question was at least so close that slight evidence might well have changed the result. In the exercise of what in my opinion is sound judicial discretion, in view of my knowledge of the nature of the evidence at the trial, I must grant the motion, in each of the three cases."

It was entirely proper for him to take into account the strength or weakness of the plaintiffs' case at the trial in passing upon the motions. Indubitably a denial of the motions in the case at bar could not have been pronounced erroneous in law. Of course all the elements present on this record do not require as matter of law the granting of a new trial. All that need be said is that they afford adequate foundation for the exercise of judicial discretion to that end, provided in the opinion of the presiding judge it was wise in order to accomplish justice. *Watts* v. *Howard,* 7 Met. 478.

All the cases cited in behalf of the plaintiffs have been examined, but they do not affect this decision and need not be reviewed.

A careful investigation of the record and full consideration of the arguments urged in behalf of the plaintiffs leads to the result that there has been no abuse of discretion by the trial judge in granting the motions for new trial, and that the cases fall within the general rule. Let the entry in each case be

*Case to stand for trial.*