JOHN NICHOLAS *vs.* LEWIS FURNITURE CO.

Middlesex.    January 7, 8, 1935. — November 26, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Inconsistent statements of witness; Presumptions and burden of proof; Opinion: expert; Of speed. *Practice, Civil,* Exceptions, New trial.

The effect of inconsistent statements made by a witness in direct examination, cross-examination, redirect examination, and recross-examination as to a fact on the basis of which he gave an opinion in redirect examination, was for the jury; and it was not error to admit the opinion in evidence nor to refuse to strike it out after the recross-examination.

On the record, it could not be said as matter of law that a certain pedestrian was unable to form an intelligent and sufficiently reliable opinion as to the speed of a motor vehicle.

An exception to the exclusion of a question asked by the excepting party of his own witness could not be sustained where the bill of ex-

ceptions did not show definitely that there had been an offer of proof, but showed merely that the parties were in controversy as to whether one had been made; such controversy should have been settled when the bill of exceptions was allowed or determined on a petition to establish exceptions.

Evidence is not "newly discovered" so as to be ground for the granting of a motion for a new trial of an action if by reasonable diligence of the moving party it could have been discovered before or during the trial.

A judge hearing a motion for a new trial of an action cannot be required to make findings of fact.


TORT.   Writ dated March 31, 1931.

The action was tried in the Superior Court before *Gibbs*, J.  There were verdicts for the plaintiff in the aggregate sum of $35,416.50.  The defendant alleged exceptions.

*A. E. Yont*, for the defendant.

*J. P. Driscoll*, (*M. Shapiro* with him,) for the plaintiff.

DONAHUE, J.  The plaintiff recovered a verdict for injuries received when hit by an automobile truck owned by the defendant and driven by its employee.  The case comes to this court on two bills of exceptions, one presenting exceptions taken at the trial in the Superior Court, and the other, exceptions to rulings made by the trial judge at hearings on the defendant's motion for a new trial.

1. The plaintiff and his children were pushing a cart loaded with wood along a public street in Framingham on a winter's night.  They were proceeding westerly close to the right hand side of the macadam surface of a street forty feet wide.  The road was dry, free of ice and lighted by street lamps, in the vicinity of one of which the accident happened.  The defendant's truck was travelling in the same direction with its headlights on.  The driver testified that he saw nothing directly ahead of him in the street until just before the collision, when he saw something, what it was he did not know, put on his brakes and turned to the left, but there was a collision.  He also testified that his speed was about twenty-five miles an hour, that when about one hundred feet away from the locus of the accident his vision was blinded by the headlights of an automobile coming in the opposite direction and that when he turned

suddenly to the left the truck skidded. On the facts as the jury were warranted in finding them, a conclusion that the defendant was negligent was justified. Since the defendant does not here contend that on the evidence submitted to the jury a verdict for the plaintiff was unwarranted, a fuller summary of the evidence is not necessary.

The defendant excepted to the admission of, and later to the refusal by the court to strike out, an estimate, given during redirect examination by a witness called by the plaintiff, as to the speed of the defendant's truck prior to the collision. On direct examination the witness had testified that he was walking easterly on the street in question facing the place of the accident which was about three hundred feet away, with a view of the street ahead of him for five or six hundred feet or more, and saw the plaintiff's cart and the headlights of a vehicle approaching behind it which he could not say was the defendant's truck though the jury were warranted in finding that to be the fact. An estimate of its speed given by him on direct examination was by agreement of counsel struck out when, under a skilful cross-examination, he testified that he first saw the plaintiff's cart when it was five, six or ten feet from the point of collision, and that the time during which he had the headlights of the approaching vehicle under observation was the time taken for two snaps of one's fingers, a matter of half a second or a few feet. On redirect examination he testified without objection that he had said on direct examination that he had seen the headlights when five hundred feet away, and that the point of collision was about three hundred feet away from him, and also testified that while the vehicle travelled the distance of two hundred feet he was watching it and had formed an opinion as to its speed. The defendant excepted to the admission of the witness's estimate that its speed was thirty to thirty-five miles an hour. On recross-examination he testified that he had not said in direct examination that the defendant's truck was five or six hundred feet away when he saw its headlights. The defendant excepted to the refusal of the

judge to strike out the estimate of speed made by the witness on redirect examination.

There are in the testimony of the witness in his various examinations inconsistent statements as to the distance the defendant's truck travelled under his observation. We think it was for the jury to say whether in fact he did see the lights of the truck while it was going the distance of about two hundred feet and that it cannot be said as matter of law that the jury were obliged to find the distance to have been much less. *Larson* v. *Boston Elevated Railway*, 212 Mass. 262. *Coyle* v. *Worcester Consolidated Street Railway*, 273 Mass. 475, 476, 477, and cases cited. Nor should it have been ruled as matter of law that the witness who had driven automobiles for nine years, if he had observed the approaching headlights of the defendant's truck while it traversed a distance of two hundred feet on a lighted street with which he was familiar, was unable to form an intelligent opinion as to speed which was sufficiently reliable to be of aid to the jury. *Johnston* v. *Bay State Street Railway*, 222 Mass. 583. *Faulkner* v. *Eastern Massachusetts Street Railway*, 277 Mass. 291.

There was evidence that as a result of his injuries the plaintiff had become mentally unsound. He was committed to the Westborough State Hospital within three weeks after the accident and was still there at the time of the trial. A doctor called as a witness by the defendant examined the plaintiff and testified that he was mentally normal and that he obtained a history of the plaintiff's condition from the hospital records, parts of which were read to him by the assistant superintendent of the hospital. The witness was asked on direct examination what the assistant superintendent said about the plaintiff. Upon objection by the plaintiff there was a conference between the attorneys and the judge at the bench and thereafter the defendant took an exception to the refusal of the judge to permit the witness to answer the question. The bill of exceptions states that "there is no record of any formal offer of proof having been made."

The general rule is that in this court reversible error cannot be predicated upon the refusal of the trial judge to permit a witness to answer a question put by the party calling him in the absence of an offer of proof as to what the answer of the witness would be, the reason being that such a record does not show that harm was done by the exclusion of the answer of the witness. *Falk* v. *Falk*, 279 Mass. 530, 532. *Ryder* v. *Ellis*, 241 Mass. 50, 58. *Carriere* v. *Merrick Lumber Co.* 203 Mass. 322, 327. *Warren* v. *Spencer Water Co.* 143 Mass. 155, 164. The present substitute bill of exceptions recites that the original bill, drafted by counsel for the defendant at the trial and since deceased, contained the statement that at the trial the defendant offered to prove that the assistant superintendent of the hospital told the doctor called by the defendant that the plaintiff was well enough to go home at any time and was kept there only because no one called for him and there was no place to which to discharge him. The present bill of exceptions also recites that counsel for the plaintiff denies, and the trial judge has no recollection, that such an offer of proof was made. Such recitals of a controversy as to what occurred during the trial have no proper place in a bill of exceptions and cannot be here considered. Any such controversy which could not be settled by the allowance of a bill of exceptions should have been determined on a petition to establish exceptions. G. L. (Ter. Ed.) c. 231, § 117. It may be added that if the offer of proof were properly before us it would seem that the proffered testimony was rightly excluded. The question was not asked to contradict testimony of the assistant superintendent, for he was not a witness at the trial. What was offered was hearsay evidence of his opinion, and hearsay evidence as to a question of fact, and not a part of the hospital record which was in evidence. It did not appear that the alleged statement was made in the plaintiff's presence or with his authority or under such circumstances as would make it competent evidence against him at the trial. The exceptions appearing in the first bill of exceptions must be overruled.

2. In a separate bill the defendant presents exceptions to the denial of its motion for a new trial on the ground of newly discovered evidence and to the refusal to give rulings requested at the hearing on that motion. "The law is well settled that whether or not a new trial shall be granted on the ground of newly discovered evidence rests in the sound discretion of the presiding judge, and that his decision will not be overturned by an appellate court unless an abuse of discretion appears or the refusal will result in manifest injustice." *Madden* v. *Boston Elevated Railway*, 284 Mass. 490, 494. After a careful examination of the affidavits and the oral testimony before the judge at the hearings on the motion for a new trial and the recitals of evidence at the trial appearing in the present bill of exceptions and those in the other bill of exceptions which are incorporated by reference, we are satisfied that there was no impropriety in the denial of the motion.

The judge found that the plaintiff's claims regarding the results of his injuries and the fact that he was then confined to a hospital for the insane were known to the defendant and its counsel before the time of the trial and that by due diligence the defendant could have investigated the mental condition of the plaintiff prior to the accident and produced the evidence as to it at the trial. He also found that some of the facts presented in the affidavits were known to the defendant or its counsel at the time of the trial and that during the trial, which extended over several days, the defendant had opportunity to investigate and discover such facts appearing in the affidavits and oral testimony as were at the opening of the trial unknown to the defendant.

Lack of diligence in discovering evidence asserted at a hearing on a motion for a new trial to be newly discovered is proper ground for its denial. *Powers* v. *Bergman*, 210 Mass. 346. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496. *Brien* v. *Holyoke Street Railway*, 257 Mass. 443. Evidence which could reasonably have been discovered by proper diligence is not newly discovered evidence. *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173, 177. Reasonable prudence would ordinarily suggest to a defend-

ant, charged in an action with liability for causing mental unsoundness of the plaintiff appearing after the accident, a thorough investigation, prior to the trial, as to the mental condition of the plaintiff before the accident. The records before us do not disclose any investigation by the defendant as to the prior mental condition of the plaintiff except an examination of the records of the insane hospital, where the plaintiff was confined, by physicians employed by the defendant, who reached the conclusion that the plaintiff was then normal mentally. The plaintiff and his family had lived in the same town for sixteen years. It does not appear that there would have been any difficulty in making an investigation among his neighbors and fellow workmen which would disclose evidence, if there was any, of an abnormal mental condition of the general character of that shown by most of the alleged newly discovered evidence appearing in the affidavits; that is, evidence from laymen of observed conduct and speech of the plaintiff and evidence of the deficient mentality of some of his children.

During the progress of the trial, as the records before us indicate, the defendant was in possession of sufficient information bearing on the matter of the plaintiff's prior mentality to impel a prudent defendant, if he believed it worthy of credibility and helpful to the theory on which he chose to make a defence, to cause an adequate investigation then to be made, for which there was opportunity, as to the plaintiff's mental state before the accident. The judge may well have believed that the defendant chose to rely on the opinion of the physicians employed by it that the plaintiff was mentally normal at the time of the trial rather than seek further evidence or to introduce that of which it had knowledge, to the effect that the plaintiff was not mentally normal before his injury.

In determining whether the defendant had knowledge or by the exercise of due diligence might have had knowledge of the existence of evidence of the character and substance of that appearing in the affidavits and oral testimony, the judge had the right to make use of the knowledge which he had of what took place at the trial. *Berggren* v. *Mutual*

*Life Ins. Co. of New York*, 231 Mass. 173, 179. *Commonwealth* v. *Chin Kee*, 283 Mass. 248, 257. We cannot say on the records before us that the findings of the judge were erroneous.

It has been said that the fundamental test is that such motions ought not to be granted unless on a survey of the whole case it appears to the judge that otherwise a miscarriage of justice would result. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 496. *Berggren* v. *Mutual Life Ins. Co. of New York*, 231 Mass. 173, 177. The record satisfies us that the denial of the motion in the present case after the application of such a test was not improper.

The judge was not obliged to pass upon most of the defendant's requests since they were requests for findings of fact and he was not obliged to make findings of fact. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 494. We find no error in the refusal to give any requests which involved rulings of law. The defendant's exceptions appearing in the second bill of exceptions must be overruled.

*Exceptions overruled.*