MARY DELTUFO *vs.* MICHAELANGELO MORGANELLI. February 9, 1939. Exceptions overruled. Direction of a verdict for the defendant on the plaintiff's opening was not error. There is nothing in the record to indicate that the plaintiff in making the opening "did not make a complete statement of all facts and inference of facts within his knowledge." *First National Bank of Bridgeport* v. *Groves*, 269 Mass. 161, 165. *Sandler* v. *Green*, 287 Mass. 404, 406. The plaintiff, according to the opening statement, was a social guest — a licensee — and consequently could not recover on the first count alleging ordinary negligence. *Comeau* v. *Comeau*, 285 Mass. 578. Gross negligence as alleged in the second count is not shown by the statement. Nor is any ground shown for recovery under the third count alleging statutory violation and public nuisance. See *Comeau* v. *Comeau*, 285 Mass. 578; *Garland* v. *Stetson*, 292 Mass. 95, 101–102; *Wynn* v. *Sullivan*, 294 Mass. 562, 565; *Aldworth* v. *F. W. Woolworth Co.* 295 Mass. 344, 347.

*R. J. Hartford*, for the plaintiff, submitted a brief.

*G. B. Rowell*, for the defendant.

VERA POLLOCK *vs.* PHILIP SWARTZ. February 10, 1939. Exceptions overruled. Ordinarily a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial judge, and an exception will not lie to the denial of such a motion. *Madden* v. *Boston Elevated Railway*, 284 Mass. 490, 494. There is nothing in this record to take the case out of the ordinary rule. The judge was not required to believe the affidavits in whole or in part even though they were uncontradicted. *Hanson* v. *Hanson*, 258 Mass. 45, 46. *Commonwealth* v. *Millen*, 290 Mass. 406, 410. *Germain* v. *Raad*, 297 Mass. 73, 75. Even though he accepted them as true, he was not required to find that the evidence therein referred to "was not available to the defendant by the exercise of reasonable diligence and inquiry" for introduction at the trial. In the absence of proof of this fact, it clearly was not error to deny the motion. See *Sherman* v. *Collingwood*, 221 Mass. 8, 14; *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 176; *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 507. Nothing in *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, relied on by the defendant, requires a different conclusion. Other considerations bearing on the propriety of the denial of the motion need not be considered. See, however, *Sherman* v. *Collingwood*, 221 Mass. 8, 14. Clearly there was no abuse of discretion.

*F. L. Simpson*, (*N. Richman* with him,) for the defendant.

*M. Horowitz*, (*J. E. Levine* with him,) for the plaintiff.