OLIVE H. SPILLER *vs.* METROPOLITAN TRANSIT AUTHORITY.

Norfolk.    December 9, 1964. — March 1, 1965.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Practice, Civil,* New trial, Requests, rulings and instructions. *Negligence,*
    Street railway: sudden stop.

In an action against a street railway company by a passenger injured in
    a streetcar when it stopped with unusual suddenness and violence, evi-
    dence that two children ran across the streetcar tracks from behind
    parked automobiles and were thirty-five feet away from the streetcar
    when its motorman applied its brakes warranted findings that the stop
    was due to an emergency not caused by the motorman and that he was
    not negligent.    [577]
A judge, upon denying a motion for a new trial of an action based on
    newly discovered evidence, is not obliged to pass upon requests for find-
    ings of the facts requisite to the granting of the motion.    [580]
A judge in a survey of the whole of a case in order to determine whether
    to grant a motion for a new trial on the ground of newly discovered
    evidence has the right to use his knowledge of what took place at the
    trial.    [580]
There was no abuse of discretion on the part of a trial judge in denying
    the plaintiff's motion for a new trial of an action based on the fact that
    she first learned after a verdict for the defendant that witnesses ex-
    clusively available to the defendant and present in the court house on
    the day of the trial but not called to the stand by the defendant might,
    if called, have contradicted, in part, decisive testimony of a witness for
    the defendant.    [581]

TORT.    Writ in the Superior Court dated January 24,
1961.

The action was tried before *Bolster, J.*

*George L. Rabb* for the plaintiff.

*Joseph W. Lobdell* for the defendant.

KIRK, J.    The only questions presented are whether, in
the circumstances now to be stated, there were errors of
law in the denial of the plaintiff's motion for a new trial
and the denial of certain requests relating to the motion.

At the trial it was not disputed that the plaintiff, a passenger for hire on a streetcar operated by the defendant, a common carrier, sustained injuries from the sudden stopping of the streetcar on Beacon Street, Brookline, on December 7, 1960. On behalf of the plaintiff there was "evidence of the firmness with which the plaintiff . . . was standing, of her firm grasp upon the back of the seat, and of the physical consequences of the sudden stop upon her and others, from which . . . the jury might infer that the stop was of such unusual suddenness and violence as to be evidence of negligence, if it was not caused by some traffic emergency." *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682, and cases cited. It was incumbent upon the plaintiff to prove not only that the stop was unusual and violent, but also that the stop was not made necessary by some traffic emergency, or that, if there was a traffic emergency, it was caused by someone for whose conduct the defendant was legally responsible. *Mathieu* v. *Springfield. St. Ry.* 328 Mass. 13, 14. *Cuddyer* v. *Boston Elev. Ry.* 314 Mass. 680, 682, and cases cited. On the latter material issue the evidence was in conflict and raised a question for the jury. The plaintiff testified that she had a clear view ahead through the windshield; that she saw no vehicles or persons in front of the streetcar at any time. The motorman testified that he started the car after having been held up by traffic lights, that two children ran across the streetcar tracks from behind parked cars on his right[1] and that they were thirty-five feet away from him when he applied his brakes.

On cross-examination by the plaintiff's counsel the motorman testified that he had procured and turned over to his superiors the names of some passengers as witnesses and that three of these witnesses had been in the court house earlier during the day, but were not then present in the

---

[1] There was evidence that the streetcar was proceeding outbound from Boston on Beacon Street, Brookline, and that to the right of the reservation on which the streetcar was moving there were parking meters for cars to park diagonally facing the track.

court room. At the conclusion of the motorman's testimony, the defendant rested. The evidence was closed. The case went to the jury and a verdict was returned for the defendant.

The plaintiff seasonably filed a motion for a new trial on the ground of newly discovered evidence. She also filed certain requests for rulings. Attached to the motion were three affidavits, all signed two or three days after the verdict. Of the three affidavits, two were signed by persons who stated that they had given their names to the motorman, later had given statements to a representative of the defendant, had appeared at the court house for the trial in response to summonses by the defendant but had not been called into the court room. The third affiant had never before been asked to give his version of the accident to anyone and had not been summoned as a witness at the trial. All the affidavits stated that: The affiant was a passenger on the streetcar and was looking out the front window; the car started up after the light changed; two children crossed the car tracks from left to right; when the children were in the outbound tracks the motorman slammed on the brakes; there were no parked cars where the children came from. The affidavits differed in the following respects: One affiant said that the children were "walking fast," another "at a regular pace" and another "at a rapid pace." One stated that the children were about sixty to seventy-five feet away when he first saw them, another that the children were about twenty yards in front of the streetcar when the operator applied the brakes, and the third made no reference to distance.

The judge denied the motion for a new trial. The requests for rulings on the motion and the judge's disposition of them, respectively, are set out in the footnote.[2]

---

[2] "1. The evidence offered by the plaintiff in support of her motion for a new trial is material to issues in this action." *Granted.*

"2. The evidence offered by the plaintiff in support of her motion for a new trial is newly discovered by the plaintiff." *Request involves only a question of fact and not acted upon.*

"3. The plaintiff was not negligent in not having available for presentation at the trial the evidence offered in support of her motion for a new trial." *Refused as involving a finding of fact.*

There was no error in any respect. We consider first the "Requests for Rulings." With the exception of request numbered 5, the requests are obviously based upon the criteria established by Shaw, C.J., in *Watts* v. *Howard,* 7 Met. 478, 480, citing *Gardner* v. *Mitchell,* 6 Pick. 114, 115, as prerequisites to the granting of a new trial. The requirements were modified somewhat in *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 178, where it was said that the fact that the offered evidence was cumulative would not be decisive against the granting of a new trial provided the other requirements were present. The requirements for the granting of a new trial were more recently stated in *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 497.[3]

Our decisions have recognized that these requirements for, or prerequisites to, the granting of a new trial are essentially factual in nature, and that when established they constitute findings of fact. They are referred to as such. *Sherman* v. *Collingwood,* 221 Mass. 8, 14. *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 507. *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 497. See *Davis* v. *Boston Elev. Ry.* 235 Mass. 482, 495–496; *Berggren* v. *Mutual Life Ins. Co.* 231 Mass. 173, 178–179. By long established precedent a judge is not required to act upon requests for findings of fact in an action at law. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 368. Under G. L. c. 231, § 128, however, a judge is required to state his reasons in writing when he grants a new trial in an action at law. If a new trial is granted on the grounds of newly discovered evidence the judge should find as facts the essentials stated in *DeLuca*

---

"4. The evidence offered by the plaintiff in support of her motion for a new trial is a distinct species from any offered at the trial and is not merely cumulative in its effect." *Said evidence is not merely cumulative in its effect.*

"5. On all the evidence, the plaintiff is entitled to a new trial." *Refused.*

"6. The plaintiff has not been guilty of laches in presenting the newly discovered evidence to the Court." *Refused as involving a finding of fact.*

3 "A new trial on the ground of newly discovered evidence cannot properly be granted unless it is found that the evidence relied on was not available to the party seeking a new trial for introduction at the original trial by the exercise of reasonable diligence, and that such evidence is material not only in the sense that it is relevant and admissible but also in the sense that it is important evidence of such a nature as to be likely to affect the result."

v. *Boston Elev. Ry.* 312 Mass. 495, 497.   When a new trial is denied, however, G. L. c. 231, § 128, has no application, and there is, in consequence, no requirement that the judge pass on requests which are essentially requests for findings of fact.   *Davis* v. *Boston Elev. Ry.* 235 Mass. 482, 495.   In the instant case, therefore, although the judge dealt correctly with the plaintiff's requests 1, 2, 3, 4 and 6 he was under no obligation to deal with them at all.   Although request numbered 5 was for a ruling of law, it was decisively disposed of by the denial of the motion for a new trial.

The plaintiff argues that a new trial is necessary "to prevent a failure of justice."   We consider this argument, and in answering it we do not rely, as we could, upon the basic proposition that the judge was not bound to believe that the evidence set out in the affidavits was credible, and that for this reason alone his denial of the motion could not be pronounced erroneous.   *DeLuca* v. *Boston Elev. Ry.* 312 Mass. 495, 499–500, and cases cited.

"The law is well settled that whether or not a new trial shall be granted on the ground of newly discovered evidence rests in the sound discretion of the presiding judge, and that his decision will not be overturned by an appellate court unless an abuse of discretion appears or the refusal will result in manifest injustice."   *Madden* v. *Boston Elev. Ry.* 284 Mass. 490, 494.   It has been said, too, that even if the judge finds the facts requisite to granting a new trial because of newly discovered evidence, the element of discretion remains, *Sherman* v. *Collingwood,* 221 Mass. 8, 14, and that in the exercise of his discretion, a new trial "ought not to be granted unless on a survey of the whole case it appears to the judge that otherwise a miscarriage of justice would result."   *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 507, and cases cited.   In his survey of the whole case the judge has the right to make use of his knowledge of what took place at the trial.   *Nicholas* v. *Lewis Furniture Co.* 292 Mass. 500, 506–507, and cases cited.

In the case before us the judge's knowledge of what took place at the trial included the fact that the plaintiff, on the

state of the evidence at the time of argument, had established a proper basis for asking the jury to draw an inference adverse to the defendant because of its failure to put on the stand the witnesses summoned by it and exclusively available to it in support of the defendant's version of the accident. *Commonwealth* v. *O'Rourke,* 311 Mass. 213, 222, and cases cited. See *McGeorge* v. *Grand Realty Trust, Inc.* 316 Mass. 373, 378. Cf. *Heina* v. *Broadway Fruit Mkt. Inc.* 304 Mass. 608, 611. Her counsel's right so to argue the case was clear and there is no reason for us to assume that he failed to exercise it. Nothing in the record suggests that he was denied or failed to avail himself of the opportunity. Rather, the absence of any exceptions relating to the matter indicates that he used the opportunity rather than take the risk of resorting to other measures (see *Stephens* v. *Lampron,* 308 Mass. 50, 54) to get the witnesses on the stand without knowing how they would testify. If, in fact, the plaintiff's counsel failed to avail himself of the opportunity thus to argue, the consequences of his failure are not to be imputed to his adversary who, by not calling the witnesses, took the risk of a telling argument against his client. We perceive no abuse of discretion in denying a new trial merely because the plaintiff, after an adverse verdict, learned that the witnesses might contradict, in part, the testimony of the motorman. The plaintiff has had her day in court and is not entitled to another. *Stephens* v. *Lampron,* 308 Mass. 50, 53–54.

*Exceptions overruled.*