WILLIAM J. FITZGERALD & another, trustees,[1] *vs.* BOSTON REDEVELOPMENT AUTHORITY. April 1, 1970. At the trial of a petition for the assessment of damages for the taking of the petitioners' land by eminent domain the jury returned a verdict of $254,000. The locus, consisting of 15,000 square feet, is at 26, 27, and 28 Dock Square, corner of Congress and State streets, Boston. The taking was made on October 25, 1961. Following an extended preliminary examination, the judge, subject to the petitioners' exception, admitted testimony of the purchase price paid by the petitioners in 1955 for 12,000 square feet of the locus. When purchased in 1955 the locus was used as a parking lot; when taken in 1961 it was used as a parking lot. The jury took a view, received evidence of changes in the surrounding area and of increases in real estate values, and heard conflicting opinion testimony by experts, who used different methods of evaluation, of the fair market value of the locus. The petitioners contend that the admission of the 1955 purchase price was an abuse of discretion amounting to error of law with the result that the verdict was so grossly inadequate as to require a new trial. We disagree. We reject the petitioners' hypothesis that the verdict was necessarily and exclusively the consequence of the testimony objected to. The case was fully and fairly tried for six days. The evidence was admissible in the discretion of the judge. No error has been shown. *H. E. Fletcher Co.* v. *Commonwealth*, 350 Mass. 316. *Bartley* v. *Phillips*, 317 Mass. 35.

*Exceptions overruled.*

*James D. St. Clair (Stephen H. Oleskey* with him) for the petitioners.
*Arthur G. Coffey* for the respondent.

CROGNALE CONSTRUCTION CO., INC. *vs.* TOWN OF DEDHAM. April 1, 1970. This petition for the assessment of damages for the taking of land in Dedham as a site for a new Public Works garage resulted in a verdict for the petitioner. The respondent filed a motion for new trial, accompanied by affidavits. This motion was heard on four grounds, the only one now argued being newly discovered evidence. The motion was denied. The respondent excepted. There was no abuse of discretion, and the refusal will not result in manifest injustice. *Spiller* v. *Metropolitan Transit Authy.* 348 Mass. 576, 580.

*Exceptions overruled.*

*Alfred L. Podolski,* Town Counsel, for the respondent, submitted a brief.
*James G. Walsh, Jr.,* for the petitioner.