DARLENE A. KELLY *vs.* GEORGE R. KELLY (and a companion case[1]). September 15, 1981. This is the husband's appeal from (a) those portions of cross judgments of divorce nisi which granted custody of the couple's two minor children (ages seven and eleven) to the wife; (b) the order denying his motion for a new trial on the custody issue (Mass.R.Dom.Rel.P. 59[a][1975]); (c) the judgment on his complaint for modification in so far as it denied a change in the existing custody arrangement. The matter is before us on a transcript of all of the evidence and the judge's findings of fact as to the welfare of the children. The order and judgments are affirmed.

1. The husband contends that the judge's findings are legally insufficient to warrant a conclusion that the wife should have custody. The judge specifically found that the husband had on some occasions been physically abusive to the children, that the wife had "diligently applied herself in her responsibility as a mother," that she had acquired and main-

---

[1] George R. Kelly *vs.* Darlene A. Kelly.

tained suitable living quarters near the children's school, and that the children appeared to have no major problems while in the wife's care. Each of these findings has adequate support in the evidence. In addition, the evidence indicated that the wife was an industrious worker who confined her employment to periods when the children were in school so that she could be home with them during the summer, that the psychological health of the couple's son had improved after the husband had left the marital home, and that the wife had substantially corrected certain practices which a fact finder could find were likely to have an adverse influence on the children. The judge also spoke with the children privately prior to making his order. The orders of a probate judge in the area of custody will not be reversed unless the judge's findings are clearly erroneous. Mass.R.Dom.Rel.P. 52(a) (1975); *Angelone* v. *Angelone,* 9 Mass. App. Ct. 728, 729 (1980), and cases cited. On the evidence the judge found to be more credible (based on his assessment of the witnesses), he could permissibly conclude that the children's welfare would best be served by granting custody to their mother, with liberal and specific rights of visitation for the father. For the reasons discussed, the judge was not required, as the husband contends, to make permanent the order for joint custody which was entered at the conclusion of the hearings on the divorce complaints. That order, which did not bind the judge's final determination of custody, was obviously intended to protect the rights of both parties (see the first paragraph of G. L. c. 208, § 31, and *Rolde* v. *Rolde, ante* 398, 402-406 [1981]), pending the judge's studied resolution of conflicting evidence as to the children's welfare.

2. There was no abuse of discretion in the denial of the husband's motion for a partial new trial on the custody issue. There was no showing that the evidence which formed the basis of that motion (which was in fact alluded to at the trial on the merits of the divorce complaints) could not have been discovered in the exercise of due diligence (see *Nicholas* v. *Lewis Furniture Co.,* 292 Mass. 500, 505 [1935]; *Spiller* v. *Metropolitan Transit Authy.,* 348 Mass. 576, 579-580 [1965]), nor any indication, in view of the judge's consideration of the evidence in connection with the complaint for modification, that the motion's denial would result in a miscarriage of justice. *Berggren* v. *Mutual Life Ins. Co.,* 231 Mass. 173, 177 (1918). *Davis* v. *Boston Elev. Ry.,* 235 Mass. 482, 495-497 (1920).

3. The husband's case for modification of custody rested on evidence of the wife's on-going relationship with a married man, which, it was alleged, had had, and would continue to have, a harmful effect on the well-being of the children. There was evidence to warrant a conclusion that the wife had cohabited in the marital home with the man (who was at that time involved in divorce proceedings with his spouse) for approximately a ten-week period and that, sometime in early 1980, the man had moved his belongings out of the house but had continued thereafter to see the wife on a regular basis. There was conflicting evidence on the nature

of the relationship, and little evidence of any substance on what effect, if any, the relationship might have had on the welfare of the children. It appears that the judge, in weighing the evidence and in considering the contentions of the parties, proceeded in general conformity with the principles stated in *Fort* v. *Fort, ante* 411 (1981), that he recognized the crucial issue not to be the possible criminality of the wife's conduct but rather whether the evidence demonstrated a significant change of circumstances which would justify a transfer of custody in the best interests of the children's welfare (see *Jones* v. *Jones,* 349 Mass. 259, 263 [1965]; *Fuller* v. *Fuller,* 2 Mass. App. Ct. 372, 376-377 [1974]; *Fort* v. *Fort, supra* at 414 & 418) and that he sought to reach "a realistic, commonsense judgment . . . [based on] the practical significance of . . . [the] imperfections or deficiencies [in the parties' respective situations] in terms of their effect on the well-being of the child[ren]." *Id.* at 418. See also *Bouchard* v. *Bouchard, ante* 899, 900 (1981). The judge's determinations that the particular circumstances raised by the husband had not caused the children any emotional harm and would not have a harmful tendency for the future were warranted by the evidence. See *Felton* v. *Felton,* 383 Mass. 232, 235 (1981). His ultimate conclusion that custody should continue with the wife has adequate support in the record and otherwise reflects proper application of the pertinent legal standards.

The order denying a new trial is affirmed. The portions of the judgments pertaining to custody are affirmed. The judgment on the husband's modification complaint is affirmed.

*So ordered.*

*Thomas A. Kenefick, III,* for George R. Kelly.
*Richard A. Guthrie* for Darlene A. Kelly.