ROBERT EVANS *vs.* MULTICON CONSTRUCTION CORPORATION
(and a companion case[1]).

Hampden.    February 17, 1978. — April 27, 1978.

Present: HALE, C.J., KEVILLE, & ARMSTRONG, JJ.

*Practice, Civil,* Argument by counsel, New trial, Judicial discretion, Exceptions. *Evidence,* Failure to produce witness.

Where a party had made a tactical decision to forgo calling witnesses and to rely instead solely on an auditor's report, it was inappropriate for opposing counsel to suggest in his closing argument that the testimony of the absent witnesses would have been unfavorable to that party. [294–295]

A judge in a civil action improperly exercised his discretion in granting a new trial on the basis of inappropriate argument by counsel where there were insufficient indicia that the inappropriate remarks resulted in a miscarriage of justice. [295–297]

A party's failure to perfect a timely bill of exceptions, under the rules of the Superior Court prevailing at the time of a judge's ruling on a motion for a stay, precluded review of the ruling by this court. [297–298]

---

[1] Multicon Construction Corporation *vs.* Robert Evans.

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated December 29, 1967, and July 31, 1968, respectively.

The actions were tried before *Greaney, J.*, and a motion for a new trial was heard by him.

*Francis D. Dibble, Jr. (Peter Roth* with him) for Multicon Construction Corporation.

*Louis Kerlinsky* for Robert Evans.

KEVILLE, J. These are cross appeals in two cases, consolidated for trial and on appeal, involving a construction contract dispute between Multicon Construction Corporation (Multicon), the owner-general contractor, and Robert Evans (Evans), a subcontractor. The first case is an action in contract in which Evans seeks to recover $91,-411.19 from Multicon for earth moving and related work in Springfield. In the second action Multicon alleges that it has been damaged by Evans' breach of a written contract between the parties.

The matters were tried three times: once, before an auditor, facts not final, and twice to juries in the Superior Court. The auditor issued a report with a finding that each party was liable to the other for damages which, when set off, left a balance in favor of Evans in the sum of $542.12. The cases were then tried to a jury who returned two verdicts: one in favor of Evans in the sum of $62,100, and the other dismissing Multicon's action. After the jury verdicts, a Superior Court judge granted Multicon's motion for a new trial. The matters were again tried to a jury. At the second trial the jury returned verdicts in favor of Evans in the sum of $53,653.30. Again Multicon's action was dismissed. Both parties have appealed. Evans argues that the judge erred in granting Multicon's motion for a new trial. Multicon contends that a different judge erred in refusing at the commencement of the proceedings to refer the matters to arbitration in accordance with the terms of the written contract between the parties. Multicon also challenges the propriety of certain rulings and instructions to the jury by the judge during the second trial.

After the close of Evans' case in the first jury trial, Multicon's attorney stated in his opening that Multicon had decided not to "bring back the witnesses who testified originally in this twenty-two day hearing in front of the Auditor . . . . [T]he decision was made that rather than do that . . . . [to] read the Auditor's report to the jury as being our presentation of the case." Pursuant to this statement, Multicon presented no witnesses before the jury and rested its case solely upon the auditor's report.

In his closing argument Evans' attorney assailed both the auditor's report and the trial strategy employed by his opponent. In commenting on Multicon's decision not to call witnesses before the jury Evans' attorney stated, inter alia, "I submit that you can draw an inference from that, that you can infer from that that something is wrong when they come up and say this isn't right, that isn't right. They are not here to say one thing isn't right. I submit the reason why they are not here to contradict anything is because there is nothing to contradict. There is not one word of what those men had to say that they could contradict and tell the truth."

After the jury returned their verdict in Evans' favor, Multicon brought a motion to set aside the verdict or, in the alternative, for a new trial, alleging in part that "[t]he verdict appears to be the product of the inflammatory, misleading and prejudicial closing argument of Evans' counsel rather than of the facts and law." The judge denied Multicon's motion to set aside the verdict, yet he allowed the motion for a new trial solely on the ground stated above.

In ruling on that motion, the judge found that the comments by Evans' attorney concerning Multicon's failure to call one Meyer, its principal witness at the hearings before the auditor, as a witness before the jury, were improper and highly prejudicial.[2] The judge also found

---

[2] While the remarks of Evans' counsel emphasized the absence of Meyer, they were also directed to Multicon's failure to call *any* witnesses.

that there was sufficient evidence presented by Evans to warrant the jury's finding in his favor on the issue of liability and to warrant their finding on damages. In response to Evans' requests, the judge ruled that the evidence required a finding that the verdict was not contrary to the weight of the evidence, and that the damages awarded by the jury were not excessive. Nonetheless the judge concluded, based upon the remarks of Evans' counsel, that there be a new trial "in the interests of justice."

Evans contends, first, that the judge committed an error of law ruling that Evans' final argument was improper and, second, that even if the argument was unjustified, the granting of a new trial on the grounds stated by the judge was an improper exercise of his discretion. We cannot conclude that the judge was incorrect as a matter of law in his conclusion that the comments of Evans' attorney were unjustified. "The practice of permitting counsel to comment on the failure of the opposing party to call witnesses to facts needs to be used with caution, and such comment should be permitted only where it appears that the witnesses could have been produced, and that it is a fair inference from the conduct of the party, under all the circumstances, that he knew or believed that the testimony of the witnesses would be adverse, and for that reason did not produce them." *McGeorge* v. *Grand Realty Trust, Inc.*, 316 Mass. 373, 378 (1944), quoting from *McKim* v. *Foley*, 170 Mass. 426, 428 (1898).

We think that the jury and counsel for Evans could reasonably have concluded from the statements made by Multicon's attorney that it had made a tactical decision to forgo calling available witnesses and to rely instead solely on the findings of the auditor. However, it does not follow in the circumstances of this case that Multicon's failure to produce witnesses before the jury was motivated by its belief that the testimony of those witnesses would be adverse to its interests. Contrast *Murphy* v. *Moore*, 307 Mass. 163, 164–165 (1940); *Grady* v. *Collins Transp. Co.*, 341 Mass. 502, 509 (1960); *Spiller* v. *Met-*

*ropolitan Transit Authy.*, 348 Mass. 576, 580–581 (1965). Witnesses who were potentially available to be called by Multicon during trial had testified earlier at the auditor's hearing.[3] Compare *Fitzpatrick* v. *Boston Elev. Ry.*, 223 Mass. 475, 477 (1916); *Bresnick* v. *Heath*, 292 Mass. 293, 297 (1935).

While the tactical decision by Multicon not to call those witnesses during the first jury trial may have been a proper subject for argument by Evans' attorney, we find no basis for his suggestion to the jury that the absent witnesses would have testified unfavorably to Multicon. For that reason we agree with the judge's conclusion that the references by Evans' attorney in his closing argument to Multicon's failure to call witnesses were inappropriate. There remains, however, the question whether the judge improperly exercised his discretion in granting a new trial because of the challenged remarks of Evans' attorney in closing argument.

A judge has a duty to guard against improper argument by counsel (*O'Neill* v. *Ross*, 250 Mass. 92, 96 [1924]); and he is generally in the best position to determine whatever harmful effects may have resulted from the jury's exposure to such an argument. *Shea* v. *D. & N. Motor Transp. Co.*, 316 Mass. 553, 555 (1944). Nonetheless, the judge should not take it upon himself to nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result. See *Nicholas* v. *Lewis Furniture Co.*, 292 Mass. 500, 507 (1935); *Spiller* v. *Metropolitan Transit Authy.*, 348 Mass. at 580; *Saba* v. *Khouri*, 357 Mass. 783 (1970). We think, to the extent that the comments by Evans' attorney were "inflammatory, mislead-

---

[3] We note parenthetically that those witnesses absent from the first jury trial appeared at the second and testified when called by Multicon.

ing and prejudicial," that it could reasonably be expected that the attention of the judge would have been called to them immediately by Multicon's attorney. Cf. *Commonwealth* v. *Johnson*, 374 Mass. 453, 458 (1978).

Multicon's attorney did in fact interrupt his opponent's closing argument with certain objections to its content (and immediately received curative instructions thereon) but he made no objection or request for curative instructions at any time with respect to the references in the argument to Multicon's failure to call witnesses.[4] Contrast *Heina* v. *Broadway Fruit Mkt., Inc.*, 304 Mass. 608, 610–611 (1939); *Mallard* v. *Waldman*, 340 Mass. 288, 289 (1960). While such a response to improper argument is not an absolute prerequisite to the judge's consideration of the argument's impropriety in a motion for a new trial (*Raunela* v. *Hertz Corp.*, 361 Mass. 341, 345 [1972]), the omission in this case suggests that at the time they were made the comments of Evans' counsel did not loom large in the mind of either Multicon's attorney or the judge. See *Commonwealth* v. *Martin*, 372 Mass. 412, 422 (1977).

Although the comments made by Evans' attorney were inappropriate, they appear to have been a somewhat overzealous response to a tactical decision of opposing counsel rather than a covert appeal to jury prejudice and partiality. Contrast *London* v. *Bay State St. Ry.*, 231 Mass. 480, 485–486 (1919); *Leone* v. *Doran*, 363 Mass. 1, 17–18 (1973). We consider that counsel's comments were not so egregious as to sustain a conclusion that the jury's verdict was improperly influenced thereby, particularly

---

[4] Although no request for curative instructions was made in this regard, the judge made several observations in his charge to the jury regarding the significance of the attorneys' arguments (e.g., "I have already told you that what the lawyers say in their opening statements and in their concluding arguments are not evidence. They are helpful. The closing arguments, as I indicated to you yesterday, before the lawyers gave them, are an attempt to tie together what he thinks he has proven and to do a bit of persuading to persuade you to his client's point of view").

in light of the judge's findings that there was sufficient evidence presented by Evans to warrant a finding in his favor on the issues of liability and damages. Cf. *Commonwealth* v. *Smith*, 342 Mass. 180, 188 (1961). In our view, there were insufficient indicia of a miscarriage of justice resulting from the closing argument of Evans' counsel; and we are obliged to conclude that the granting of a new trial on the grounds stated by the judge was an improper exercise of his discretion.

In its answer to Evans' declaration Multicon raised the defense that arbitration of disputes was required under the terms of the contract between Evans and itself. Multicon also filed a motion for a stay of the proceedings until such time as the parties should exhaust the arbitration remedy as allegedly required under the contract. That motion was denied by a Superior Court judge on March 20, 1968. Multicon now alleges error in that ruling. We need not reach the merits of this argument for, inasmuch as Multicon failed to save its appellate rights on the ruling, the issue is not properly before us.

At the time of the ruling on Multicon's motion for a stay, parties were required, in order to save their appellate rights, to file and obtain approval by the judge of a bill of exceptions regarding those of the judge's rulings to which they excepted. G. L. c. 231, § 113, as amended through St. 1945, c. 328. Under the then prevailing rules of the Superior Court, "Exceptions not arising out of a trial or hearing on the merits shall be reduced to writing in a summary manner and filed with the clerk, and notice thereof shall be given to the adverse party, within twenty days after the opinion, ruling, direction or judgment excepted to is given, unless further time is allowed by the court." Rule 73 of the Superior Court (1954). Although Multicon's attorney excepted to the denial of its motion for a stay, the record discloses that no bill of exceptions or request for extension of time was ever filed. The time for the preservation of appellate rights expired without this necessary action on Multicon's part. See *Decker* v.

*Berkshire Gas Co.*, 360 Mass. 78, 79 (1971). As there is no bill of exceptions to the denial of the motion for a stay, Multicon's exception to this ruling is not open to review. *Sullivan* v. *Roche*, 257 Mass. 166, 170 (1926). *DeCanio* v. *School Comm. of Boston*, 358 Mass. 116, 119 (1970), cert. denied sub nom. *Fenton* v. *School Comm. of Boston*, 401 U.S. 929 (1971).

As we have determined that the judge improperly exercised his discretion in granting a new trial after the first jury trial, we need not address those issues argued by Multicon with respect to errors which allegedly occurred during the second jury trial.

The judgments in the second trial are vacated, the order granting a new trial is reversed and the case is remanded to the Superior Court with instructions that the verdicts and judgments in Evans' favor in the first trial be reinstated.

*So ordered.*