NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-23

DONNA A. LOPES[1]

vs.

ERNC OPERATING, LLC.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Donna Lopes, as the personal representative of the estate of Kenneth Jefferson (estate), appeals from a Superior Court judge's order allowing the defendant's motion for judgment notwithstanding the verdict, or, in the alternative, a new trial, following a jury verdict in the plaintiff's favor on her wrongful death claim.  We reverse in part, vacate in part, and remand for further proceedings.

Background.  The plaintiff's brother, Kenneth Jefferson, a resident of the defendant's rehabilitation and nursing facility, died on May 22, 2015, after suffering a fatal injury at the

_____

[1] Individually and as personal representative of the estate of Kenneth L. Jefferson.

[2] Doing business as The Rehabilitation & Nursing Center at Everett.

facility a week earlier.  According to the trial judge's memorandum of decision and order on the defendant's postjudgment motion, "the jury could have concluded that given all the knowledge the nurses had about Jefferson's fragile skull, his propensity to bang his head after an altercation, and the harm that could result, the nurses should have stayed with Jefferson after his altercation [with another patient] on the morning of May 18, 2015[,] and intervened before he banged his head.  The jury could have concluded it was a breach of care to fail to do so and that breach caused Jefferson's [fatal] injury."

This wrongful death action against the defendant was filed in the Superior Court on May 21, 2018.  The complaint as originally filed named the "Estate of Kenneth L. Jefferson" as the plaintiff.  On September 6, 2018, pursuant to Rule 9A of the Rules of the Superior Court (2017), the defendant served a motion to dismiss the complaint, contending, inter alia, that because a wrongful death action must be initiated by the personal representative of an estate, see G. L. c. 229, § 2, the estate did not have standing.

On September 20, after receiving the motion to dismiss, Lopes filed a petition in the Norfolk Probate and Family Court for formal appointment as personal representative of Jefferson's estate pursuant to G. L. c. 190B, § 3-402.  Lopes used a preprinted form that required her either to affirm that her

2

petition was "filed within the time period permitted by law" -- that is, that "[t]hree years or less have passed since the Decedent's death" -- or to identify "circumstances [that] authorize tardy proceedings [and] (include statutory reference)."  In the space allotted to explain such circumstances, Lopes wrote, "My brother died intestate and without assets.  No legal actions concerning his estate have been taken prior to this petition.  I was unaware of the need to probate his estate until I filed a wrongful death case."

One week later, the plaintiff served the defendant with her opposition to the motion to dismiss, which disclosed that Lopes had filed the application to be appointed personal representative and was awaiting appointment.  The rule 9A package with the motion to dismiss and the plaintiff's opposition was filed on October 11, 2018, and a Superior Court judge held a hearing on the motion on November 27.

While the motion to dismiss was under advisement in the Superior Court, on December 19, 2018, a Probate and Family Court judge issued a decree and order on Lopes's petition for formal adjudication (decree), finding that Lopes was "qualified to serve as Personal Representative pursuant to G. L. c. 190B, § 3-203," and issued letters of authority appointing Lopes as

3

personal representative of Jefferson's estate.[3]  Under both the decree and letters of authority, Lopes's appointment as a personal representative was without restriction.[4]  The next day, the Superior Court motion judge issued an order denying the defendant's motion to dismiss without prejudice and giving Lopes forty-five days to amend the complaint to substitute a proper plaintiff.  On January 9, 2019, the plaintiff timely filed an amended complaint that substituted "Donna A. Lopes, Individually and as Administratrix of the Estate of Kenneth L. Jefferson" as the plaintiff.

In separate motions in limine, in a motion for a directed verdict at the close of the plaintiff's case, and again at the close of evidence, the defendant repeatedly, and unsuccessfully, argued that Lopes was incompetent or lacked standing to bring claims under G. L. c. 229 and to recover damages because she did not seek appointment within three years of Jefferson's death as required by G. L. c. 190B, § 3-108.  After a ten-day jury trial, on October 4, 2021, the jury returned a verdict in the

---

[3] We have taken judicial notice of the Probate and Family Court judge's decree, as the parties failed to provide it.  See Jarosz v. Palmer, 436 Mass. 526, 530 (2002).

[4] The letters of authority issued to Lopes, signed by the register of probate, included a space for restrictions, which was left blank, and a box that could be checked to indicate that the personal representative had been appointed "[p]ursuant to G. L. c. 190B, § 3-108 (4)."  The box was not checked.

4

plaintiff's favor, awarding $500,000 for Jefferson's conscious pain and suffering.

The defendant timely served and filed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. See Mass. R. Civ. P. 50 (b), as amended, 428 Mass. 1402 (1998); Mass. R. Civ. P. 59, 365 Mass. 827 (1974). In addition to its argument concerning Lopes's standing, the defendant asserted that the evidence of negligence was insufficient to sustain the verdict and that a variety of trial errors warranted at least a new trial.

In an order issued on April 19, 2022, the trial judge allowed the defendant's motion. The judge concluded that Lopes did not have standing to assert the claim for conscious pain and suffering on behalf of the estate after all because she had filed her petition for appointment more than three years after Jefferson's death and her claim was therefore barred under G. L. c. 190B, § 3-108. The judge also ruled (1) that she had committed prejudicial error by admitting in evidence part of a statement of deficiency issued against the defendant by the United States Department of Health and Human Services (DHHS) and (2) that an error on the special verdict slip was prejudicial to the defendant and warranted a new trial. Because Lopes's lack of standing made a new trial unnecessary, the judge vacated the

5

judgment on the jury verdict and ordered entry of judgment for the defendant.  This appeal followed.

Discussion.  1. Standing.  The trial judge allowed the defendant's motion for judgment notwithstanding the verdict based on her conclusion that Lopes lacked standing.  A motion for judgment notwithstanding the verdict presents a question of law, which we review de novo.  See O'Brien v. Pearson, 449 Mass. 377, 383 (2007).

The exclusive right to bring a wrongful death action on behalf of a decedent's statutory beneficiaries rests with the duly-appointed "executor or administrator" of the deceased's estate, with the obligation to commence the action "within three years from the date of death."  G. L. c. 229, § 2.  See Marco v. Green, 415 Mass. 732, 735 (1993); Gaudette v. Webb, 362 Mass. 60, 71 (1972).  A claim for conscious suffering, which is awarded to the estate if successful, must also be brought by the executor or administrator.  See G. L. c. 229, § 6.  Although the "Estate of Kenneth L. Jefferson" filed the original complaint within the three-year statute of limitations, at that time Lopes had not yet been appointed as the personal representative of the estate.

However, when Lopes was appointed personal representative, her appointment related back to the filing of the original complaint.  "The powers of a personal representative relate back

6

in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter." G. L. c. 190B, § 3-701. See Hatch v. Proctor, 102 Mass. 351, 354 (1869) (where "executor de son tort obtains letters of administration pendente lite . . . the letters of administration, by operation of law, make valid all acts of the administrator in settlement of the estate from the time of the death. They become by relation lawful acts of administration"); Alvord v. Marsh, 12 Allen 603, 605 (1866) (where "executrix de son tort becomes herself afterward the lawful administratrix . . . [h]er acts . . . become by relation lawful acts of administration . . . to the same extent as if they had occurred after the letters of administration were granted"). See also Estate of Gavin v. Tewksbury State Hosp., 468 Mass. 123, 136 n.23 (2014) (noting Commonwealth's concession that relation back principles could apply to wrongful death claim improperly filed by estate before appointment of personal representative). "Particularly relevant is the familiar law that an amendment may be allowed which would bring in a party who, when added, would have been barred by a statute of limitations from commencing an independent action and, indeed,

that this is a reason to permit the amendment."  Rafferty v.

Sancta Maria Hosp., 5 Mass. App. Ct. 624, 627 (1977).[5]

The defendant contends that Lopes's appointment as personal

representative by the Probate and Family Court judge was

invalid.[6]  "General Laws c. 190B, § 3-108, requires probate,

testacy, and appointment proceedings to be filed within three

years of a decedent's death."  Matter of the Estate of Slavin,

492 Mass. 551, 551 (2023).  To the extent § 3-108 creates an

"ultimate time limit" of three years for claims brought by or on

behalf of an estate, see Matter of the Estate of Kendall, 486

Mass. 522, 528-529 (2020), the plaintiff's wrongful death claims

were in fact filed within that time.  The defendant reasons,

however, and the trial judge agreed, that because Lopes was

appointed more than three years after Jefferson's death, she was

necessarily appointed under G. L. c. 190B, § 3-108 (4), the

"late and limited" exception, which precludes the personal

representative from "possess[ing] estate assets . . . beyond

that necessary to confirm title thereto in the successors to the

---

[5] Accordingly, it was not error to deny the motion to dismiss and
to allow Lopes to amend the complaint to name herself, as
personal representative of the estate, as the plaintiff.

[6] The plaintiff's suggestion that the defendant waived the issue
or is somehow to blame for the issue not being decided at an
earlier stage in the proceedings is without merit.  The
defendant made every reasonable effort to raise the issue before
and during the trial.

8

estate."  The parties appear to agree that personal representatives appointed pursuant to the late and limited exception do not have standing to seek damages for conscious pain and suffering because such damages are an asset of the estate.

The defendant's argument is at odds with the terms of the decree appointing the plaintiff.  The record is clear that the Probate and Family Court judge appointed Lopes as Jefferson's personal representative without restriction, not on a late and limited basis.  This appointment was a matter within the jurisdiction of the Probate and Family Court.  See G. L. c. 190B, § 1-302 (granting Probate and Family Court "jurisdiction over all subject matter relating to . . . estates of decedents" and "full power to make orders, judgments and decrees and take all other action necessary and proper to administer justice in the matters which come before it").  The defendant's contention that Lopes does not have standing to sue for conscious suffering due to her failure to petition for appointment within three years of Jefferson's death is effectively a collateral attack on the Probate and Family Court judge's decree.

Although claims concerning standing go to subject matter jurisdiction, and subject matter jurisdiction can be raised at any time, "that does <u>not</u> mean that subject matter jurisdictional

9

issues can always be raised in every context and in every forum." Brown v. Federal Nat'l Mtge. Ass'n, 481 Mass. 1036, 1036-1037 (2019). To the extent the defendant asserts that the Probate and Family Court judge erroneously appointed Lopes as a personal representative without limitation, raising this claim in the Superior Court was an impermissible collateral attack. See Tompkins v. Tompkins, 65 Mass. App. Ct. 487, 493 (2006). "The Probate Court in which the appointment was made had jurisdiction of the subject matter. Any irregularity or want of authority in its exercise can be corrected in that court only, and the decree is not subject to collateral attack." Waitt v. Harvey, 312 Mass. 384, 390 (1942).[7]

None of the cases cited by the defendant support the notion that a Superior Court judge may scrutinize and invalidate an appointment made by a judge of the Probate and Family Court. To the contrary, the cases on which the defendant relies all involve situations in which the Superior Court judge assessed the specific statutes under which the personal representative was actually acting or appointed to determine whether those

---

[7] We note that the defendant was not powerless to challenge Lopes's appointment in the Probate and Family Court. Through Lopes's opposition to the defendant's motion to dismiss, the defendant had actual notice of Lopes's petition for appointment in the Norfolk Probate and Family Court within a week of her filing the petition, and almost three months before the decree appointing Lopes as personal representative was issued.

10

statutes conferred the requisite authority to pursue a wrongful death claim. See, e.g., Marco, 415 Mass. at 739 (voluntary administratrix acting pursuant to G. L. c. 195, § 16, since repealed, not authorized to bring wrongful death claim); Anderson vs. LeBrun, Mass. Super. Ct., No. 2079CV00653 (Hampden County July 1, 2021) (plaintiff appointed under late and limited exception did not have standing to pursue wrongful death claim); Bennett vs. R.J. Reynolds Tobacco Co., Mass. Super. Ct., No. 2017-0603-BLS1 (Suffolk County January 8, 2018) (same).

Accordingly, it was error to allow the defendant's motion for judgment notwithstanding the verdict on the ground that Lopes's appointment as personal representative by a decree of the Probate and Family Court was insufficient to give her standing as to pursue the claim for Jefferson's conscious suffering.

2. Motion for a new trial. a. Verdict slip. Considering the defendant's motion for a new trial, the judge determined that she had erred by providing a special verdict slip to the jury that asked only if the plaintiff had proven that the defendant's negligence "was a cause of Kenneth Jefferson's death," but did not expressly inquire whether the plaintiff had also proved that the defendant's negligence was a legal cause of death. Notwithstanding the absence of a contemporaneous objection, the judge concluded that this error warranted a new

11

trial.  The plaintiff contends that allowing the motion on this basis was an abuse of discretion.  See Rabassa v. Cerasuolo, 97 Mass. App. Ct. 809, 815 (2020) ("We will not vacate a judge's order granting a new trial unless we conclude that she abused her discretion").  We agree.

"We read verdict slips in conjunction with the judge's instructions to determine whether the slips could have misled or confused the jury."  Commonwealth v. Springfield Terminal Ry. Co., 80 Mass. App. Ct. 22, 34 n.20 (2011).  Here, the judge went over the verdict form with the jury and instructed, consistent with Doull v. Foster, 487 Mass. 1, 8 (2021), and with the Superior Court Model Jury Instructions on General Negligence and Causation (2021), "If you find that [the defendant's] negligence was a cause of Kenneth Jefferson's injuries and that the injuries were a predictable result of that negligence -- injuries, and death -- then you should answer yes, otherwise, answer no" (emphasis added).  "Viewing the verdict slips alongside the judge's comprehensive and accurate instructions," Springfield Terminal Ry. Co., supra, it is unlikely that the jury were misled or confused.  There was no error warranting a new trial.

b.  Statement of deficiency.  The defendant's motion for a new trial was also predicated on the jury's exposure to a heavily redacted statement of deficiency issued to the defendant

12

by DHHS.  The statement was entered as an exhibit, over the defendant's objection, without being authenticated, and after the plaintiff had called her last witness.  The trial judge determined, and we agree, that it was error to admit the exhibit.  See Mattoon v. Pittsfield, 56 Mass. App. Ct. 124, 135 (2002), quoting Herson v. New Boston Garden Corp., 40 Mass. App. Ct. 779, 792 (1996) (evaluative reports, opinions, or conclusions of government agencies inadmissible).

The trial judge concluded that the erroneous admission of the exhibit was "prejudicial to the defendant."  However, the judge did not specifically state that the error warranted a new trial, as she had with respect to the jury slip.  A judge should not "nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result."  Wahlstrom v. JPA IV Mgt. Co., 95 Mass. App. Ct. 445, 447 (2019), quoting Evans v. Multicon Constr. Corp., 6 Mass. App. Ct. 291, 295 (1978).  In deciding whether to allow a motion for a new trial in a civil case, "the question for the trial judge is not whether there has been prejudicial error," but "whether an actual 'miscarriage of justice would result' if the verdict were allowed to stand."  Wahlstrom, supra at 449, quoting Evans, supra.

Because the judge merely stated that the erroneous admission of the statement of deficiency was prejudicial, but

13

did not state that the error required a new trial or address whether an actual miscarriage of justice occurred because of it, see Wahlstrom, 95 Mass. App. Ct. at 449, we are unable to infer the judge's intent.  Accordingly, on remand the judge should make findings, consistent with the guidance in Wahlstrom, as to whether to the erroneous admission of the statement of deficiency warrants a new trial.

Conclusion.  The order allowing the defendant's motion for judgment notwithstanding the verdict is reversed, and the entry of judgment for the defendant is vacated.  The order allowing the defendant's motion for a new trial is reversed to the extent that the order granted a new trial based on the verdict slip. We remand for further findings on whether the erroneous admission of the statement of deficiency requires a new trial.

So ordered.

By the Court (Rubin, Massing, & Desmond, JJ.[8]),

Assistant Clerk

Entered:  February 1, 2024.

---

[8] The panelists are listed in order of seniority.