NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1310

BHARANIDHARAN PADMANABHAN

vs.

LORETTA COOKE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury trial in the Superior Court, the self-represented plaintiff, Bharanidharan Padmanabhan, appeals from a judgment entered on a jury verdict in favor of the defendant, Loretta Cooke, for claims of slander, intentional infliction of emotional distress, and abuse of process.  The plaintiff contends that certain of the trial judge's evidentiary rulings and denial of his motion for a new trial amounted to an abuse of discretion.  The plaintiff also claims that various judges of the Superior Court abused their discretion in the denial of his seven motions to disqualify the Attorney General's office from representing the defendant.  Finally, the plaintiff claims that another judge (motion judge) abused her discretion in the grant

of an emergency motion limiting the plaintiff's communications with jurors after trial.  We affirm.

Background.  This case stems from an investigation into and ultimately the suspension of the plaintiff's license to practice medicine.  Between 2007 and 2011, Padmanabhan was a neurologist with medical staff privileges at a hospital operated by Cambridge Health Alliance (CHA).  See Padmanabhan v. Cambridge, 99 Mass. App. Ct. 332, 334 (2021).[1]  Following the death of one of his patients, CHA undertook an investigation and peer review process of his practice.  The Massachusetts Board of Registration in Medicine (board) also began an investigation of the plaintiff's practice.  The defendant, a registered nurse and board employee, conducted that investigation.

The defendant first became concerned for her safety after she received a letter from the plaintiff that accused her of acting in bad faith and generally alleging that members of the board were corrupt.  The defendant requested that the plaintiff's hearing before the board be moved to a location with more security.  Her concern grew when she witnessed his angry and erratic behavior at the hearing.  The situation came to a

---

[1] In Padmanabhan v. Cambridge, 99 Mass. App. Ct. 332 (2021), we affirmed the judgment of dismissal on statute of limitation grounds of all but three claims.  See Id. at 334 n.3 (listing cases brought by the plaintiff).

2

head when the defendant found in her mailbox an envelope containing a hard object addressed to her from the plaintiff. She had not shared her home address with the plaintiff. The defendant took the unopened envelope[2] to her supervisor at the board and expressed her concerns.

That same day, the defendant spoke to an officer at the Methuen Police Department about the plaintiff's behavior. The defendant told the police officer that she was frightened by the plaintiff because of her investigation into his medical practice. The defendant believed that the plaintiff had obtained a license to carry a firearm and purchased a handgun, and she told the officer that the plaintiff had threatened and verbally assaulted all the members of the board. The defendant explained that she had not shared her home address with the plaintiff and, by sending her the envelope, the plaintiff was sending a "clear message" that he would not stop threatening her. The police officer advised that if she was concerned for her safety, she should go to court and apply for a harassment prevention order. The following day, the defendant applied for a harassment prevention order under G. L. c. 258E. At the

---

[2] The hard object was a compact disc, and the police confirmed that the plaintiff had not communicated any threats in the mailing. The envelope was a copy of a lawsuit filed by the plaintiff naming the defendant in an action in federal court.

3

hearing, the defendant contended that the plaintiff had harassed her by taking pictures of her in the courtroom and at the board hearing and by mailing her legal process. The request for a harassment prevention order was denied by a judge of the District Court.

On the heels of that denial, the plaintiff filed the present civil action against the defendant claiming that the defendant committed slander by making false statements to the police. The plaintiff also made claims for intentional infliction of emotional distress and abuse of process. A jury trial was held in the Superior Court over the course of three days beginning on June 24, 2024. On June 26, 2024, the jury returned a verdict in favor of the defendant, finding that the plaintiff had failed to establish his burden of proof on all counts. The plaintiff filed a motion for a new trial, raising several claims including that certain witnesses' testimony was not credible. The trial judge denied the motion, ruling that the "verdict was overwhelmingly support[ed] by the weight of the evidence and the Jury exercised honest and reasonable judgment in accordance with the controlling principles of [l]aw."

Several months later, the plaintiff notified defendant's counsel that he intended to send the jurors a letter asking "one simple question" regarding a particular witness's testimony and

4

whether her credibility was damaged because of her testimony. When the plaintiff refused to send the defendant's counsel a draft of the letter, defendant's counsel filed an emergency motion to preclude the plaintiff from inquiring into the jurors' thought processes and deliberations. The motion judge allowed the motion, acknowledging the plaintiff's attempt to comply with Mass. R. Prof. C. 3.5, as amended, 490 Mass. 1309 (2022), but reasoning that the plaintiff lacked awareness of what juror communication may be allowed. Therefore, the motion judge prohibited the plaintiff from contacting jurors "without first complying with Rule 3.5 and obtaining prior Court approval for any contemplated contact."

Discussion. We note at the outset that the plaintiff, acting pro se, is required to abide by the Massachusetts Rules of Appellate Procedure and is held to the same standard as litigants represented by counsel.[3] See Maza v. Commonwealth, 423

---

[3] The plaintiff, who refers to himself as "Victim, pro se" has made several "claims" on appeal, including his contention that he discovered evidence of Medicaid fraud and then was fired as a result of exposing the truth, that certain witnesses had conflicts of interest, that both the former and current Attorney General and others obstructed justice and suborned perjury, and that Chief Justice Kimberly Budd and the entire Massachusetts judiciary obstructed justice and tampered with the recording system, For The Record. These claims do not comport with Massachusetts Rule of Appellate Procedure 16 (a) (4), as appearing in 481 Mass. 1628 (2019), and were not meaningfully raised to the trial court. We therefore do not address them.

Mass. 1006, 1006 (1996).  See also <u>Brossard</u> v. <u>West Roxbury Div. of the Dist. Court Dep't</u>, 417 Mass. 183, 184 (1994).  The plaintiff's brief is difficult to comprehend, often referring to various conspiracies, collusions, and obstructions of justice the plaintiff claims were committed by the board, the state and federal judiciary, the Drug Enforcement Agency, and many other entities and issues that are not properly before this court.  To the extent that the plaintiff's brief identifies legal issues that could be reviewed on appeal, they often are unsupported by references to relevant legal authority or record citations and are presented inadequately for appellate review.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  We understand that proceeding as a self-represented litigant can be challenging, and we have allowed the plaintiff's informal brief, nonetheless pro se litigants are still responsible for presenting materials necessary to permit a meaningful review.  See Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).  See also <u>Everett</u> v. <u>357 Corp.</u>, 453 Mass. 585, 604 n.26 (2009) ("It is [appellant's] obligation to include in the record appendix any document on which he relies"); <u>Arch Med. Assocs., Inc.</u> v. <u>Bartlett Health Enters., Inc.</u>, 32 Mass. App. Ct. 404, 406 (1992) ("The burden is on the appellant in the first

instance to furnish a record that supports his claims on appeal").

Recognizing his pro se status, however, we have reviewed the record and the plaintiff's arguments to reach the merits of his claims on appeal. The thrust of the plaintiff's arguments appears to be that the trial judge erred in denying his motion for a new trial because the Attorney General should have been disqualified from representing the defendant and that the defendant's witnesses committed perjury at trial. He also contends that the motion judge erred in limiting his ability to communicate with the jurors after trial. We will address each argument in turn.

1. <u>Motion for a new trial</u>. In his motion for a new trial, the plaintiff claimed that the verdict was "against the weight of the credible evidence, and tantamount to a miscarriage of justice." Specifically, the plaintiff alleged that witnesses committed perjury at trial and that the Attorney General should have been disqualified from defending the defendant's actions. The trial judge denied the motion, stating that the "verdict was overwhelmingly support[ed] by the weight of the evidence and the Jury exercised honest and reasonable judgment."

In a civil case, when ruling upon a motion for a new trial, the trial judge considers "whether the verdict is so markedly

against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a the reasonable conclusion." W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993). Trial judges have been cautioned that they should not take it upon themselves to "nullify a jury's verdict by granting a new trial unless it appears on a survey of the whole case that otherwise a miscarriage of justice would result." Evans v. Multicon Constr. Corp., 6 Mass. App. Ct. 291, 295 (1978).

We review the denial of a motion for a new trial "for a significant error of law or abuse of discretion." Commonwealth v. Sanchez, 100 Mass. App. Ct. 644, 647 (2022). We give special deference to a motion judge who was also the trial judge. See Commonwealth v. Nieves, 429 Mass. 763, 771 (1999). The plaintiff claims that one of the witnesses at trial, Dr. Marianne Felice, committed perjury when she testified about certain actions of the defendant that included a threat. According to the plaintiff, he conclusively proved at trial that Dr. Felice was not a board member when his license to practice medicine was suspended, so therefore her testimony must be perjurious. The plaintiff also argues that the defendant lied

to the Methuen police officer, although it is not clear what the plaintiff claims the defendant lied about.

We have reviewed the record and find no abuse of discretion or other error in the denial of the motion for a new trial on these grounds. The jury was free to credit the testimony of certain witnesses, including Dr. Felice's testimony that she was concerned for her personal safety when she was acting in her capacity as a board member. See Commonwealth v. Spinucci, 472 Mass. 872, 878 (2015). During the trial, Dr. Felice testified that the plaintiff approached her angrily and said "[t]his is all your fault, Felice, and I will get you for this." So too could the jury consider and weigh the testimony of the defendant about the reasons she was fearful of the defendant and what prompted her to speak to the police and apply for a harassment protection order.

2. Motions to disqualify the Attorney General's office from representing the defendant. Throughout the course of this case, the plaintiff has filed no less than seven motions to disqualify the Attorney General's office from representing the defendant, because, in his view, the defendant was not acting in the scope of her employment when she committed libel and slander against him. According to the plaintiff, representation of the

defendant by the Attorney General is "unlawful as a matter of law."

We review a denial of a motion to disqualify an attorney for an abuse of discretion. See Wessell v. Mink Brook Associates, Inc., 87 Mass. App. Ct. 747, 752 (2015). The plaintiff confuses and conflates the duty of the Attorney General to defend a public employee with the issue of indemnification, and he also misstates the law regarding legal representation of a public employee alleged to have committed an intentional tort. The defendant, an employee of the board, only came across the plaintiff because she was tasked with the responsibility of investigating the plaintiff's actions as a medical doctor. Whether the plaintiff alleged that the defendant acted negligently or intentionally is of no moment. There was no error of law or abuse of discretion in the denials of the motions to disqualify the Attorney General from representing the defendant in this action.

3. Evidentiary issue. Next, the plaintiff claims that evidence of the audio recordings from the Lawrence District Court when the defendant applied for a harassment prevention order were improperly excluded. We review a judge's evidentiary rulings for abuse of discretion. Commonwealth v. Andre, 484 Mass. 403, 414 (2020). We discern no abuse of discretion in the

10

exclusion of the audio recording of the harassment prevention order, especially here, where the defendant's statements to the police and to the court during the G. L. c. 258E hearing were protected under the litigation privilege. See generally, Mackie v. Rouse-Weir, 495 Mass. 252, 260-261 (2025).

4. _Postverdict contact with jurors_. The plaintiff argues that the motion judge improperly granted the defendant's motion to require judicial approval for postverdict contact with the jurors. Contrary to the plaintiff's claims, the motion judge did not prohibit the plaintiff from contacting jurors altogether. Rather, the motion judge required some procedural safeguards to ensure that the content of the plaintiff's communications with the jurors was permissible. Considering the reasons for the plaintiff's request to initiate contact with the jurors, the motion judge's decision was proper.

Attorneys are generally not required to seek court approval before initiating postverdict contact with the jury. See Commonwealth v. Moore, 474 Mass. 541, 551 (2016). An attorney may not, however, initiate contact with the jury if "the communication is prohibited by law or court order" (emphasis added). Mass. R. Prof. C. 3.5 (c) (1), as amended, 490 Mass. 1309 (2022). See Moore, supra at 549 n.10 ("We do not question that, when appropriate, a judge in a particular case may

11

restrict or even prohibit attorneys' unsupervised communication with jurors postverdict; such a court order is expressly contemplated by rule 3.5 (c) (1)").  A judge may bar postverdict contact with the jury if the attorney seeks to inquire "into the contents of jury deliberations and thought processes of jurors." Id. at 548.

In response to the defendant's motion to require judicial approval for postverdict contact with the jurors, the plaintiff explained that he sought to contact jurors to ask them whether they believed the testimony of a certain witness, Dr. Felice, and whether their credibility assessment of Dr. Felice changed after she testified about the specific dates that she served as a member of the board.  The motion judge correctly determined that this communication sought to understand the subjective mental processes of the jurors and thus was beyond the scope of permissible communication.  See Doull v. Foster, 487 Mass. 1, 23 (2021), quoting Moore, 474 Mass. at 548 (requesting juror's thought process was "far afield of anything resembling a valid reason for approaching jurors and instead appear[s] to be aimed at 'inquiry into the contents of jury deliberations and thought processes of jurors and the impeachment of jury verdicts based on information that might be gained from such inquiry'").

For the first time on appeal, the plaintiff argues that, as a pro se litigant, he is not bound by or required to comply with the rules of professional conduct. This argument, having not been raised below, is waived. See Boss v. Leverett, 484 Mass. 553, 563 (2020) ("The reason for this fundamental rule of appellate practice is well established: it is important that an appellate court have before it an adequate record and findings concerning a claim to permit it to resolve that claim properly" [citation omitted]).

Even if we were to consider the substance of the plaintiff's argument, we are not persuaded. Judges are empowered to protect jurors from inquiries, whether it be from an attorney or a pro se litigant, that seek to inquire about the deliberative process. See Doull 487 Mass. at 23-24. The motion judge's order regarding communication with the jurors provided the plaintiff with guidance as to the permissible bounds of inquiry. By requiring that the plaintiff seek prior judicial

13

approval, the motion judge appropriately created an additional check to ensure that it was done properly.

Judgment affirmed.

Order denying motion for new trial affirmed.

Order allowing in part motion to preclude inquiry into jury thought processes and deliberations affirmed.

By the Court (Meade, Neyman & Walsh, JJ.[4]),

*Paul Little*

Clerk

Entered:  November 25, 2025.

---

[4] The panelists are listed in order of seniority.